520 So.2d 567 (1988)
THE FLORIDA BAR, Complainant,
v.
Joe G. HOSNER, Respondent.
No. 68645.
Supreme Court of Florida.
February 25, 1988.
John F. Harkness, Jr., Executive Director, John T. Berry, Staff Counsel and Susan V. Bloemendaal, Bar Counsel, Tallahassee, for complainant.
John A. Weiss, Tallahassee, for respondent.
PER CURIAM.
This disciplinary proceeding is before us on complaint of The Florida Bar and the referee's report. The respondent, Hosner, has filed a petition for review, contesting the referee's findings of fact and the recommended discipline. Hosner also argues that the complaint should be dismissed, *568 alleging that the Bar has violated the integration rule. We have jurisdiction under article V, section 15 of the Florida Constitution, and approve the referee's recommendation.
The referee found Hosner guilty of conduct involving dishonesty, fraud, deceit, or misrepresentation in violation of Disciplinary Rule 1-102(A)(4), and Article XI, Rule 11.02(3)(a). Specifically, Hosner, through his agent Blue Bird Leasing, Inc., entered into a lease-purchase agreement with Mrs. Wanda Lewis in which Mrs. Lewis would lease to buy an automobile, making monthly payments for two years, with a large balloon payment at the end of the period. Mrs. Lewis was to receive title to the leased car upon final payment.
When the two-year period concluded, Hosner, through an employee, pressured Mrs. Lewis into paying the $2,300.15 due. Mrs. Lewis payed the full amount due, plus interest, but did not receive title to the automobile until eleven months after full payment of the balance due under the contract. The referee found that title was not delivered per the agreement because Hosner had used the title as collateral for other loans of Hosner. Hosner personally endorsed the check, but failed to deposit it in the Blue Bird checking account or pay the bank which held the title. The referee noted that section 319.34, Florida Statutes (1985) requires an automobile dealer to deliver title to the purchaser of an automobile within twenty days.
The referee recommended finding Hosner guilty and that he be publicly reprimanded. Hosner contests these recommendations on several grounds. First, Hosner argues that the findings of fact are not supported by the testimony or evidence. Upon review of the record, we believe that the findings are not clearly erroneous. In particular, Hosner claims that his testimony that he was ignorant of the activity he is charged with went unrebutted. However, the record reveals that Hosner endorsed checks from Mrs. Lewis and that Hosner was in fact aware of the day to day business of his leasing company. The referee had more than ample evidence on which she could base her findings and reject the protestations of Hosner.
Hosner also argues that he should not be disciplined because his conduct, even if improper, was not related to the practice of law. However, lawyers are necessarily held to a higher standard of conduct in business dealings than are nonlawyers. The Florida Bar v. Bennett, 276 So.2d 481 (Fla. 1973). Were we to follow Hosner's argument, we would be powerless to discipline attorneys who engage in conduct that is illegal, but not related to the practice of law, such as dealing in cocaine, or securities fraud. Obviously we may discipline attorneys who engage in such conduct, just as we discipline Hosner for engaging in conduct which is improper, though not necessarily related to the practice of law.
Finally, Hosner argues that a private reprimand is the proper discipline for his conduct. We disagree and approve the referee's recommendations as to discipline.[*]
Accordingly, Joe G. Hosner is hereby publicly reprimanded. Costs in the amount of $1,336.52 are hereby taxed against Mr. Hosner for which sum let execution issue.
It is so ordered.
McDONALD, C.J., and OVERTON, ERHLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
NOTES
[*] We find Hosner's argument that the bar violated the integration rule in its impaneling of the grievance committee to be wholly without merit.