594 So.2d 302 (1992)
THE FLORIDA BAR, Complainant,
v.
Loretta B. ANDERSON, Respondent.
No. 77269.
Supreme Court of Florida.
February 13, 1992.
John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and Thomas E. DeBerg, Asst. Staff Counsel, Tampa, for complainant.
Delano S. Stewart of Stewart, Joyner, Jordan-Holmes, Holmes, P.A., Tampa, for respondent.
PER CURIAM.
This disciplinary proceeding is before the Court on complaint from The Florida Bar and the referee's report. We have jurisdiction. Art. V, § 15, Fla. Const.
The findings of fact made by the referee are supported by competent substantial evidence and therefore must be accepted as true by this Court. The Fla. Bar v. Seldin, 526 So.2d 41 (Fla. 1988); The Fla. Bar v. Neely, 502 So.2d 1237 (Fla. *303 1987). While employed as an executive assistant with the Tampa Housing Authority, attorney Loretta B. Anderson converted publicly owned funds to pay off her personal credit-card debt. The conversion was accomplished when Anderson forged a signature on two checks and submitted three Housing Authority money orders in payment for debts Anderson owed the American Express Company. A total of $4,500.00 in public money was misused in this way.
Later, Anderson pled no contest to third-degree grand theft and uttering a forged instrument. Adjudication was withheld, and Anderson was placed on three year's probation. She also was ordered to make complete restitution and pay court costs.
In her brief before this Court, Anderson casts some light on the circumstances under which the embezzled funds came to be in her hands. She states that her superiors or coworkers "placed the money into her hands purposefully, surreptitiously and illegally." Anderson goes on to note that the sole purpose of this transaction was to remove the funds from the Housing Authority's budget "so that the allocation of the next year's budget would not be reduced."
Based on the facts, the referee has recommended that Anderson be suspended from the practice of law for three years, and thereafter until she pays the cost of these proceedings. The referee rejected The Florida Bar's request for disbarment on grounds that Anderson's crime was not committed in her capacity as a lawyer.
The referee noted that the following mitigating factors also supported his conclusion: (a) Anderson's age of 48; (b) her lack of prior offenses or bar discipline as a member of The Florida Bar for fifteen years; (c) the relationship of Anderson to the victims; (d) the fact Anderson paid $3,500.00 in restitution prior to the time criminal charges were filed against her; (e) the fact that no "client" funds were misappropriated, since Anderson was not working in her capacity as an attorney; (f) Anderson's remorse; and (g) emotional problems Anderson may have suffered, although the referee noted that he did not believe Anderson viewed this as an excuse for her misconduct. The referee rejected as mitigating factors the fact that Anderson is a woman and a member of a minority.
The Florida Bar asks that we disbar Anderson. As grounds, the Bar contends that theft of public funds is at least as serious an offense as misappropriating client funds. We agree.
Anyone entrusted with public monies is directly responsible to society as a whole. This obligation is all the more compelling when an attorney is the one stealing from the public. Attorneys, by their special training in the law, must be presumed to be acutely aware of their legal obligations in handling public funds. With this knowledge comes an increased responsibility both for honoring the letter of the law and setting an example of propriety for others.
When a nonlawyer steals from the public, it is a serious evil. When a lawyer commits the same crime, it is doubly evil. Those who have received intensive education in the requirements of the law cast disrepute on the entire legal profession when they wilfully cast aside their training and knowingly break the very law about which they have been so thoroughly trained and tested. Accordingly, we find that a lawyer who wilfully misappropriates public funds commits a disciplinary offense as serious as misuse of client funds, whether or not the misappropriation is accomplished while acting as an attorney.
We are aware of Anderson's allegations regarding the purported corruption of the Tampa Housing Authority. Even if we assume these allegations to be true, we do not find that they excuse Anderson's misconduct. No one is privileged to commit crime merely because others are doing so. This is especially compelling with a licensed attorney, whose unique and special obligation is to honor the law and encourage others to do so. When others see an attorney breaking the law, they may well assume that such misconduct is acceptable. Attorneys who imitate the crimes of nonlawyers effectively place the imprimatur of *304 their legal training on the misconduct, implying that the law itself either condones such misconduct or at least will ignore it.
In this vein, we cannot ignore the concessions Anderson makes in her brief. She states that the money came into her hands as part of a purposeful, surreptitious, and illegal act by others in the Housing Authority, in which she obviously participated. Thus, Anderson concedes conspiring in an illegal fraud involving the use of public money; and the Bar contends that at least some of this money came from federal sources. As is obvious from the factual findings, Anderson then doubled her offense by converting the money to her own use, to pay credit-card debt. Based on these concessions, we utterly fail to see how Anderson's offense can be regarded as anything other than of the most serious order.
In the balance, we do not agree that the mitigating evidence requires a lesser discipline than disbarment. We find no mitigating value whatsoever in Anderson's age of 48; in the fact that no client funds, but only public monies, were involved; or in her relationship to the parties, which is irrelevant here. We find little mitigating value in Anderson's alleged emotional problems, because the referee stated his belief that Anderson herself did not view her problems as excusing her misconduct. The referee correctly rejected Anderson's minority status and gender as mitigating factors, since past discrimination does not create a privilege to commit crime or flout the standards of professional ethics. Of the various mitigating factors cited by the referee, Anderson's lack of a prior disciplinary record, her remorse, and her incomplete act of restitution are the most weighty. However, we do not find them significant enough to mitigate the very serious nature of the offenses she committed.
Accordingly, we find Anderson guilty of committing unlawful and dishonest acts, contrary to Rule Regulating The Florida Bar 3-4.3. We find her guilty of committing criminal acts, contrary to Rule Regulating The Florida Bar 4-8.4(b). We find her guilty of acts involving dishonesty and fraud, contrary to Rule Regulating The Florida Bar 4-8.4(c). Anderson is hereby disbarred effective March 16, 1992, giving her thirty days to close out any existing law practice in an orderly manner and to protect the interests of any present law clients she represents. She shall accept no new law clients from the filing date of this opinion. Judgment for costs in the amount of $721.00 is entered against Anderson, for which sum let execution issue.
It is so ordered.
SHAW, C.J., and BARKETT, GRIMES, KOGAN and HARDING, JJ., concur.
OVERTON and McDONALD, JJ., dissent.