PER CURIAM.
We have for review these consolidated cases with a referee’s report recommending that Respondents, William Henry Winters and Marc Edward Yonker, be found guilty of professional misconduct and admonished. We have jurisdiction. See art. V, § 15, Fla. Const. As explained below, we approve the referee’s findings of fact and his recommendation that Respondents be found guilty of violating Rules Regulating the Florida Bar 4-7.10 and 3-4.3; however, we disapprove the referee’s recommendation that Respondents be found not guilty of violating rules 4 — 8.4(b), 4-8.4(c), and 4-8.4(d) and his recommendation as to discipline. Instead, we conclude that Respondent Winters should be suspended from the practice of law for ninety-one days and Respondent Yonker should be suspended for sixty days.
FACTS
On July 9, 2010, The Florida Bar filed separate complaints against William Henry Winters and Marc Edward Yonker. The complaints alleged various instances of misconduct by Winters and Yonker in relation to them departure as employees from the Law Firm of Richard Mulholland and Associates (“Mulholland Firm”). Essentially, the complaints alleged that in 2001,[1] Winters and Yonker made secret plans to leave the Mulholland Firm and begin practicing together, and that in the process, Winters and Yonker: (1) themselves and through a former paralegal for the Mulhol-land Firm, solicited Mulholland Firm clients to terminate representation by the Mulholland Firm and be represented by Winters’ and Yonker’s new firm; (2) made misrepresentations to the Mulholland Firm and to Mulholland Firm clients; (3) made copies of and took possession of Mulhol-land Firm client files without authorization; and (4) improperly used a third attorney’s name, who never actually joined the new firm, in their new firm name on documents. The complaints alleged that through this conduct, Respondents violated numerous Rules Regulating the Florida Bar.[2]
The two cases were consolidated at the referee level, and on July 20, 2011, the referee filed his report and recommenda *301 tion. The referee found that during the time that Winters and Yonker were considering their exit from the Mulholland Firm, Winters had discussions with a third attorney about forming a new firm. Based on the ongoing discussions, letterhead was generated that included the third attorney’s name. When the attorney realized his name had been included, he promptly notified Winters that he was not interested in becoming part of the law firm and that the letterhead should no longer be used. However, the letterhead was used for a short period of time thereafter.
The referee further found that when Winters and Yonker decided to leave the Mulholland Firm they “began contacting clients who they had represented during the course of their employment with the Mulholland law firm.” He further found that Respondent Yonker took client files from the Mulholland Firm over a lunch period and had information from those files copied for his own personal use, and that such “was not within the scope of his employment and was not done for advancing the good of the law firm,” and that Respondent Winters “maintained control over less than ten files” after leaving the law firm, and that those files were recovered within a few days by the law firm. The referee recommended that Winters and Yonker be found guilty of violating rule 4-7.10(f) (lawyers may state or imply that they practice in a partnership or authorized business entity only when that is the fact), due to the improper inclusion of the third attorney’s name on the new firm letterhead for a short period of time, and rule 3-4.3 (misconduct and minor misconduct — conduct not otherwise enumerated), due to their personal use of the files of the Mulholland Firm. The referee recommended that Respondents be found not guilty of all other charged rule violations.
The Bar filed a petition seeking review of the referee’s recommendations that Winters and Yonker be found not guilty of violating rules 4-8.4(b) (commission of a criminal act reflecting adversely on lawyer’s honesty, trustworthiness, or fitness as a lawyer in other respects), 4-8.4(e) (conduct involving dishonesty, fraud, deceit, or misrepresentation); and 4-8.4(d) (conduct prejudicial to administration of justice), and the referee’s recommended discipline.
ANALYSIS
I. RECOMMENDATIONS OF GUILT
The standard of review for a referee’s recommendations as to guilt is whether the referee’s factual findings are sufficient under the applicable rules to support the recommendations as to guilt. See Fla. Bar v. D’Ambrosio, 25 So.3d 1209, 1216 (Fla.2009); Fla. Bar v. Shoureas, 913 So.2d 554, 557-58 (Fla.2005). Here, the Bar first argues that the referee erred in recommending that Winters and Yonker be found not guilty of violating rule 4-8.4(b). The Bar argues that Winters’ and Yonker’s “personal use” of the Mulholland Firm’s client files constituted acts of criminal theft under section 812.014, Florida Statutes (2001), and that theft inherently reflects adversely on a lawyer’s honesty, trustworthiness, or fitness as a lawyer. We agree. At the time of the misconduct here, as now, criminal theft was defined as knowingly obtaining or using the property of another with intent to temporarily or permanently: (a) deprive the other person of a right to or benefit from the property; (b) appropriate the property to one’s own use or the use of another person not entitled to use the property. § 812.014(1), Fla. Stat. (2001). Winters’ and Yonker’s conduct in appropriating client files from their employer for their own personal use constitutes theft. The referee’s factual find *302 ings do not support the recommendation that Respondents be found not guilty of violating rule 4-8.4(b). Accordingly, this recommendation is disapproved.
The Bar next argues that Winters’ and Yonker’s conduct with regard to the client files constituted conduct involving dishonesty, fraud, deceit, or misrepresentation in violation of rule 4-8.4(c). In support of its argument, the Bar cites to the Court’s decision in Florida Bar v. Shankman, 908 So.2d 379 (Fla.2005). In Shankman, the respondent, a partner in a firm, was found guilty of, among many other rule violations, violating rule 4-8.4(c) for (1) failing to disclose to the firm and keeping for himself a bonus from a client, over and above the reduced fee that he caused the firm to accept in the case; (2) failing to inform the firm of an unemployment benefits client’s potential whistleblower action, directing that the client’s case be closed out, and proceeding to represent the client and settle the whistleblower action after he left the firm; and (3) taking five other clients without the firm’s knowledge by omitting them from the list of clients he took. Id. at 383. We conclude that, similar to the conduct in Shankman, Winters’ and Yonker’s conduct in copying client files and maintaining possession of client files without the Mulholland Firm’s permission violated rule 4 — 8.4(c). Accordingly, the referee’s recommendation as to this issue is disapproved.
The Bar next argues that the same conduct that violated rules 4-8.4(b) and (c) also violated rule 4-8.4(d). Rule 4-8.4(d) states, in pertinent part, that a lawyer “shall not engage in conduct in connection with the practice of law that is prejudicial to the administration of justice.” R. Regulating Fla. Bar 4-8.4(d). The Bar argues that because Respondents’ conduct was dishonest, it was inherently prejudicial to the administration of justice in violation of this rule. We agree. Although the Court has held that this rule “applies only when a lawyer engages in misconduct while employed in a legal capacity,” Fla. Bar v. Brake, 767 So.2d 1163, 1168 (Fla.2000) (emphasis added),[3] we conclude that because Respondents’ misconduct in this case occurred in their capacities as associate attorneys of the Mulholland Firm, it was sufficiently “in connection with the practice of law” to be covered by this rule. Accordingly, we disapprove the referee’s recommendation that Respondents be found not guilty of violating rule 4-8.4(d).
II. DISCIPLINE
 The standard of review for a referee’s recommendation as to discipline is as follows:
In reviewing a referee’s recommended discipline, the Court’s scope of review is broader than that afforded to the referee’s findings of fact because, ultimately, it is our responsibility to order the appropriate sanction. See Fla. Bar v. *303 Anderson, 538 So.2d 852, 854 (Fla.1989); see also art. V, 15, Fla. Const. However, generally speaking this Court will not second-guess the referee’s recommended discipline as long as it has a reasonable basis in existing caselaw and the Standards for Imposing Lawyer Sanctions. See Fla. Bar v. Temmer, 753 So.2d 555, 558 (Fla.1999).
Fla. Bar v. Ratiner, 46 So.3d 35, 39 (Fla.2010). Here, the referee recommended that Respondents be found guilty of violating only rule 4 — 7.10(f) and rule 3^.3 and as a sanction, recommended that Respondents be admonished.
As explained above, we conclude that Respondents’ misconduct also violated rules 4-8.4(b), 4-8.4(c), and 4-8.4(d). When these additional rule violations are considered, it is clear that the referee’s recommendation of an admonishment is not supported.[4]
We conclude that under the case-law and standards, the appropriate sanction for Respondent Winters is a ninety-one-day suspension, and the appropriate sanction for Respondent Yonker is a sixty-day suspension. Standards for Imposing Lawyer Sanctions 5.12 and 7.2 provide, respectively, that suspension is appropriate “when a lawyer knowingly engages in criminal conduct ... that seriously adversely reflects on the lawyer’s fitness to practice law” or “when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional and causes injury or potential injury to a client, the public, or the legal system.” See also Shankman, 908 So.2d at 387 (imposing ninety-one-day suspension where attorney received bonus from client after causing firm to accept reduced fee, failed to disclose bonus to his partners in law firm, failed to make full disclosure to partners regarding clients he took to another law firm, divided fees with nonlawyers, and failed to timely file response to summary judgment motion); Fla. Bar v. Kossow, 912 So.2d 544, 548 (Fla.2005) (imposing thirty-day suspension where attorney represented clients outside of firm where he was employed and kept fees for himself, lied about his activities, and used firm resources in his representation of outside clients); Fla. Bar v. Arcia, 848 So.2d 296, 300 (Fla.2003) (imposing three-year suspension where attorney represented clients outside of firm where he was employed and kept fees for himself in violation of his employment agreement, solicited clients or potential clients by intercepting phone calls directed to firm, deposited fees from firm clients into separate account for his own professional association, intercepted firm mail in order to take checks made to his own professional association, induced firm clients to pay fees directly to him and his own professional association by preparing misleading documents and stationery, and used firm resources during office hours to conduct his fraudulent activities); Fla. Bar v. Cox, 655 So.2d 1122, 1123 (Fla.1995) (imposing thirty-day suspension where attorney represented clients outside of firm where he was employed and kept some of the fees for himself, corresponded with and billed outside clients on firm stationery, and initially lied about his activities when confronted).
CONCLUSION
Accordingly, William Henry Winters is hereby suspended from the practice of *304 law for ninety-one days. Marc Edward Yonker is suspended from the practice of law for sixty days. The suspensions will be effective thirty days from the filing of this opinion so that Respondents can close out their practice and protect the interests of existing clients. If either Respondent notifies this Court in writing that he is no longer practicing and does not need the thirty days to protect existing clients, this Court will enter an order making his suspension effective immediately. Respondents shall fully comply with Rule Regulating the Florida Bar 3 — 5.1(h). Respondent Winters shall accept no new business from the date this opinion is filed until he is reinstated. Respondent Yonker shall accept no new business from the date this opinion is filed until his suspension is completed.
Judgment is entered for The Florida Bar, 651 East Jefferson Street, Tallahassee, Florida 32399-2300, for recovery of costs from William Henry Winters and Marc Edward Yonker, jointly and severally, in the amount of $24,750.00, for which sum let execution issue.
It is so ordered.
POLSTON, C.J., and PARIENTE, LEWIS, QUINCE, LABARGA, and PERRY, JJ., concur.
CANADY, J., concurs in result.

. The prosecution of this disciplinary matter was deferred by the Bar until the completion of civil litigation by Richard Mulholland against Winters and Yonker.

. Respondents were not charged with violating rule 4-5.8, governing the procedures for lawyers leaving law firms, because that rule was not in existence in 2001. Rule 4-5.8 was adopted in 2005, effective January 1, 2006. See In re Amend. R. Regulating Fla. Bar, 916 So.2d 655, 702-04 (Fla.2005).

. Our caselaw and the Rules Regulating The Florida Bar are clear that, in general, an attorney's conduct while not acting as an attorney can subject him to disciplinary proceedings. See R. Regulating Fla. Bar 3-4.3 ("The commission by a lawyer of any act that is unlawful or contrary to honesty and justice, whether the act is committed in the course of the attorney’s relations as an attorney or otherwise ... may constitute a cause for discipline."); Brake, 767 So.2d at 1168 (stating that rules and professional ethics still apply to an attorney who is not acting as an attorney and that "[ejven in personal transactions ... attorneys must ‘avoid tarnishing the professional image or damaging the public’ ”) (quoting Fla. Bar v. Della-Donna, 583 So.2d 307, 310 (Fla.1989)). However, because rule 4-8.4(d) specifically states that a lawyer shall not "engage in conduct in connection with the practice of law that is prejudicial to the administration of justice,” this rule is an exception. Brake, 767 So.2d at 1168.

. Minor misconduct is the only type of misconduct for which an admonishment is an appropriate discipline. R. Regulating Fla. Bar 3-5.1(b). Under the rules, misconduct may not be regarded as minor if it involves "dishonesty, misrepresentation, deceit, or fraud on the party of the respondent.” R. Regulating Fla. Bar 3-5.1(b)(1)(E).