# Supreme Court of Florida

—————————

No. SC15-1323

—————————

**THE FLORIDA BAR,**
Complainant,

vs.

**MICHAEL EUGENE WYNN,**
Respondent.

[February 16, 2017]
**<u>CORRECTED OPINION</u>**

PER CURIAM.

We have for review a referee's report recommending that Michael Eugene Wynn be found guilty of professional misconduct and suspended for ninety days, followed by two years of probation with conditions. We have jurisdiction. <u>See</u> art. V, § 15, Fla. Const. As discussed below, we disapprove of the referee's recommended discipline and instead impose a one-year suspension, followed by two years' probation.

## FACTS

On July 21, 2015, The Florida Bar filed a complaint against Respondent Wynn alleging ethical misconduct in connection with his representation of a client,

Sylvia Rhodes, in a landlord-tenant matter. The complaint was referred to a referee, and the parties subsequently entered into a stipulation of the facts and rule violations. The referee approved the stipulation, and in his report, provided the following findings of fact:

On October 10, 2013, Respondent emailed Ms. Rhodes informing her that $500 was needed for the costs of deposition transcripts. On October 10, 2013, Ms. Rhodes paid $500 to Respondent to be used towards the cost of deposition transcripts and wrote in the memo "Legal Fees." Respondent deposited the $500 into his business operating account on October 15, 2013, rather than to his trust account. Respondent failed to pay for the deposition transcripts as had been intended. Beginning in December 2013, Ms. Rhodes made several inquiries about the status of the deposition transcripts. In early January 2014, after another email inquiry by Ms. Rhodes, Respondent had a phone conversation with Ms. Rhodes and informed her that due to his financial problems he used the funds to pay for law firm expenses, such as electricity and rent. During the conversation, Respondent indicated he could obtain a loan to pay for the deposition transcripts; however, Ms. Rhodes indicated she would pay the court reporter directly. Respondent further agreed to repay the funds to Ms. Rhodes when he had the financial ability to do so. Respondent converted the $500 to pay for business expenses of Michael E. Wynn P. A., as well as for other purposes. Respondent failed to hold the $500 that was intended for costs in his trust account. A review of Respondent's bank records revealed the funds were used on items other than rent and electricity. On January 7, 2014, Ms. Rhodes issued a new check for $500 directly to the court reporter to obtain the necessary deposition transcripts, as agreed to by Respondent and Ms. Rhodes. By email in March 2014, Ms. Rhodes again asked Respondent about repayment of the initial $500. By reply email, Respondent stated that he would repay Ms. Rhodes as soon as he could. By email on September 15, 2014, Ms. Rhodes again inquired about the status for the repayment of the initial $500 and requested that Respondent to repay the funds by Christmas time. By reply email on September 15, 2014, Respondent reiterated to Ms. Rhodes that he had completed additional post-judgment legal services which were not

part of the original representation and that the fees for services were higher than the $500 Respondent owed Ms. Rhodes. Respondent further offered to forgo billing Ms. Rhodes for the additional services in exchange for not having to remit the $500 owed. Respondent never executed a new representation agreement for additional services with Ms. Rhodes. There was never an understanding or agreement that the $500 could be applied towards legal fees. In October 2014, Ms. Rhodes filed a Bar grievance against Respondent. On November 8, 2014, Respondent arranged for Ms. Rhodes and Mr. Rhodes to meet him at MidFlorida Bank in Arcadia, Florida in order to repay the $500. During the meeting, Respondent presented Mr. and Mrs. Rhodes with a receipt of funds he drafted. Ms. Rhodes signed the document, which was notarized, without any discussion about its contents. The receipt of funds indicated that the funds were repaid and requested that the Bar complaint be dismissed. Respondent repaid the $500 upon the condition that Ms. Rhodes would request dismissal of the Bar grievance she filed against Respondent. By letter dated November 9, 2014, Respondent provided a copy of the receipt of funds to the Bar and requested closure of the file. Respondent did not provide the required Certificate of Disclosure form. By email on November 12, 2014, Respondent was informed by the Bar that his written response to the allegations was required along with his required completed disclosure form. In response to the grievance, Respondent provided a Certificate of Disclosure form, dated November 16, 2014, wherein he incorrectly completed the section for Sole Practitioner and certified that he was "not presently affiliated with a law firm and was not affiliated with a law firm at the time of the act(s) giving rise to the complaint in The Florida Bar File No. 2015-10,358 (20A)." At the time Respondent completed the November 16, 2014, disclosure form, he was employed by the Office of Regional Conflict Counsel, Second District, in Fort Myers, Florida. Respondent failed to timely notify his superiors with the Office of Regional Conflict Counsel, Second District, of the grievance filed against him as required by Rule 3-7.1 (f). Respondent did not provide notice of the grievance to his superiors with the Office of Regional Conflict Counsel, Second District, until December 2, 2014.

Rep. of Ref. 2-3. Also based on the stipulation, the referee recommended that Respondent be found guilty of violating Rules Regulating the Florida Bar 3-7.1(f) (Notice to Law Firms), 4-1.5 (Fees and Costs for Legal Services), 4-8.4(d) (Misconduct—a lawyer shall not engage in conduct prejudicial to the administration of justice), and 5-1.1 (Trust Accounts).

As for discipline, the referee recommended that Respondent be suspended for ninety days, followed by two years of probation during which Respondent would be required to participate in mentor monitoring, submit quarterly reports by a CPA, if in private practice, undergo an office procedures and record-keeping analysis by and under the direction of Diversion/Discipline Consultation Service (formerly LOMAS), and attend ethics school, a trust accounting workshop, and a stress management workshop. The referee also recommended that Respondent pay the Bar's costs. The Bar seeks review of the referee's recommended discipline and argues that a one-year suspension is the appropriate sanction.

ANALYSIS

In reviewing a referee's recommended discipline, this Court's scope of review is broader than that afforded to the referee's findings of fact because it is the Court's ultimate responsibility to order the appropriate sanction. See Fla. Bar v. Anderson, 538 So. 2d 852, 854 (Fla. 1989); see also Art. V, §15, Fla. Const. However, generally speaking the Court will not second-guess the referee's

recommended discipline as long as it has a reasonable basis in existing case law and the Florida Standards for Imposing Lawyer Sanctions. See Fla. Bar v. Temmer, 753 So. 2d 555, 558 (Fla. 1999).

Here, the Bar does not dispute the referee's reliance upon Florida Standards for Imposing Lawyer Sanctions 4.0 (Violation of Duties Owed to Clients) and 7.0 (Violations of Other Duties Owed as a Professional) in recommending that Respondent be suspended under standards 4.12 and 7.2, rather than disbarred under standards 4.11 and 7.1. The Bar concedes that the referee properly found significant mitigating circumstances that weigh in favor of suspension rather than disbarment in this case. The Bar does dispute, however, the referee's recommendation as to the appropriate length of the suspension.

We agree with the Bar that the referee's recommendation of a ninety-day suspension does not have a reasonable basis in existing case law. First, the main case relied upon by the referee, Florida Bar v. Lopez, 83 So. 3d 710 (Fla. 2012), is an unpublished disposition, approving an uncontested report of referee; thus, it cannot constitute "case law" providing a reasonable basis for the referee's recommendation. Second, none of the other published cases cited by the referee, which are all more than approximately twelve years old, support a short-term non-rehabilitative suspension. In Florida Bar v. Frederick, 756 So. 2d 79 (Fla. 2000), the Court imposed a ninety-one-day suspension on an attorney who had engaged in

a convoluted series of unethical acts pertaining to funds he received from prospective class action clients.  Subsequently, the attorney, prior to withdrawing from the representation, negotiated a settlement with the clients involving a refund to the clients in exchange for their agreement not to contact The Florida Bar or to withdraw any complaint already filed against him.  The attorney also employed and improperly permitted a disciplinarily resigned attorney to have direct contact with a client.  In Florida Bar v. Smith, 866 So. 2d 41 (Fla. 2004), the Court imposed a one-year suspension on an attorney who deposited a $1665 check from a client for filing fees into her operating account and then used the funds for other expenses; failed to diligently represent that client and another client in an immigration matter; and issued a worthless check.  The referee in Smith found significant mitigation in the form of, among other things, very serious medical issues, an absence of dishonest or selfish motive, rehabilitation, and remorse.  In Florida Bar v. Corces, 639 So. 2d 604 (Fla. 1994), the Court imposed a two-year suspension where an attorney intentionally debited a client trust account over $6000, used the funds to pay personal bills, then over the course of twenty months repaid the deficit in the client trust account.  Finally, in Florida Bar v. McNamara, 634 So. 2d 166 (Fla. 1994), an attorney converted for his own use a $5000 check from a third party that was either to be held in escrow or be used to reduce his

client's tax obligation. Although the Court noted that there was evidence in the record to support several mitigating factors, we imposed a three-year suspension.

Here, as in several of the cases discussed above, Respondent converted client funds for his own use and repaid the funds at a later time. In addition, as in Frederick, he attempted to condition the repayment upon the client's agreement not to complain to the Bar about his misconduct. Based on the existing case law, we conclude that the Bar is correct that a one-year suspension, followed by two years' probation with the conditions recommended by the referee, is warranted. As we have noted many times, misuse or misappropriation of client funds is one of the most serious offenses a lawyer can commit, and disbarment is presumed to be the appropriate punishment. Fla. Bar v. Travis, 765 So. 2d 689, 691 (Fla. 2000). We see no reason under the circumstances of this case, even given the referee's uncontested findings of mitigation, to impose anything less than a rehabilitative suspension.

CONCLUSION

Accordingly, Michael Eugene Wynn is hereby suspended from the practice of law for one year, followed by two years of probation under the terms and conditions as set forth in the referee's report. The suspension will be effective thirty days from the filing of this opinion so that Wynn can close out his practice and protect the interests of existing clients. If Wynn notifies this Court in writing

- 7 -

that he is no longer practicing and does not need the thirty days to protect existing clients, this Court will enter an order making the suspension effective immediately. Wynn shall fully comply with Rule Regulating the Florida Bar 3-5.1(h). Further, Wynn shall accept no new business from the date this opinion is filed until he is reinstated.

Judgment is entered for The Florida Bar, 651 East Jefferson Street, Tallahassee, Florida 32399-2300, for recovery of costs from Michael Eugene Wynn in the amount of $3,975.45, for which sum let execution issue.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, and
POLSTON, JJ., concur.
LAWSON, J., did not participate.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE
EFFECTIVE DATE OF THIS SUSPENSION.

Original Proceeding – The Florida Bar

John F. Harkness, Jr., Executive Director, The Florida Bar, Tallahassee, Florida;
Adria E. Quintela, Staff Counsel, The Florida Bar, Sunrise, Florida; and Chardean
Mavis Hill, Bar Counsel, The Florida Bar, Tampa, Florida,

    for Complainant

Edward Joseph Kelly, Fort Myers, Florida, and Robert Gary Hines, Fort Myers,
Florida,

    for Respondent