# Supreme Court of Florida

_____

No. SC17-55
_____

**THE FLORIDA BAR,**
Complainant,

vs.

**JACQUELINE MARIE KINSELLA,**
Respondent.

December 20, 2018

PER CURIAM.

This case is before us on the review of a referee's report recommending that Respondent, Jacqueline Marie Kinsella, be found guilty of various violations of the Rules of Professional Conduct arising from her theft of money from Kohl's Department Store, where she worked as an employee. After finding numerous mitigating factors, the referee recommended that Kinsella be suspended from the practice of law for ten days. Neither party contested the findings of guilt, but The Florida Bar sought review of the ten-day suspension, arguing in favor of a rehabilitative suspension of ninety-one days. After reviewing the referee's report, we suspended Kinsella immediately and issued an order to show cause why she

should not receive a more severe sanction up to and including disbarment. Having considered the record, the responses to the order to show cause, and our prior case law, we conclude that a more severe sanction than a ninety-one day suspension is required and hereby suspend Kinsella from the practice of law for three years.

**FACTS**

Kinsella was admitted to The Florida Bar in February 2016.[1] On three separate occasions between April 21, 2016, and May 6, 2016, Kinsella stole money from three different cash registers at the Kohl's Department Store where she worked. She stole $140 on April 21, 2016, $100 on April 25, 2016, and $520 on May 6, 2016.

In May 2016, she was arrested and charged with grand theft of $300 or more but less than $5,000. On September 1, 2016, Kinsella entered a no contest plea to the first-degree misdemeanor charge of petit theft, and the remaining charges were dismissed by the State. Adjudication of guilt was withheld and she was placed on probation under the supervision of the Department of Corrections for a period of twelve months. Kinsella was further ordered to pay court costs and restitution to

---

1. Prior to becoming an attorney, Kinsella had two misdemeanor traffic cases brought against her, which were the subject of inquiry by the Florida Board of Bar Examiners.

Kohl's, perform fifty hours of community service, complete a Vital Life Skills Class, and not to enter or go upon the premises of any Kohl's store.

On January 11, 2017, The Florida Bar filed its formal complaint against Kinsella in these proceedings. On January 31, 2017, Kinsella filed her Answer wherein she admitted the alleged facts and rule violations. On April 27, 2017, a sanction hearing was held before a referee to determine the appropriate disciplinary sanction. Because Kinsella admitted all allegations contained in the Bar's formal complaint, no evidentiary testimony was presented to establish findings of fact or guilt.

The referee found that Kinsella fully cooperated with law enforcement and the Bar, her misconduct was not related to alcohol or drug abuse or a gambling addiction, and none of the stolen funds were related to the practice of law. Kinsella testified during a sworn statement and at the sanction hearing that she voluntarily entered into a treatment contract with Florida Lawyers Assistance, Inc. (FLA) and has made progress in addressing the issues that led her to engage in these acts of misconduct. She reported that her treatment involves debt management and financial counseling. Kinsella admitted that she took the funds from Kohl's because she had unresolved debt. The referee found that Kinsella's financial problems existed at the time she applied for membership to The Florida

Bar and continue to persist today. Lastly, the referee found that Kinsella demonstrated significant remorse during her testimony at the sanction hearing.

The referee's report found Kinsella guilty of violating multiple Rules Regulating the Florida Bar including: Rules 3-4.3 (Misconduct and Minor Misconduct); 3-4.4 (Criminal Misconduct); 4-8.4(b) (Misconduct–Criminal Conduct that Reflects Adversely on Honesty, Trustworthiness, or Fitness as a Lawyer); and 4-8.4(c) (Misconduct–Conduct Involving Dishonesty, Fraud, Deceit, or Misrepresentation).

Based on his findings of fact, recommendations as to guilt, the aggravating and mitigating factors, the Florida Standards for Imposing Lawyer Sanctions, and case law, the referee recommended that Kinsella be suspended from the practice of law for ten days, followed by a one-year period of probation with additional conditions, and that she be ordered to pay the Bar's costs of $1,616.60. On February 15, 2018, this Court issued an order suspending Kinsella from the practice of law and commanding her to show cause why the referee's recommended sanction should not be disapproved and a more severe sanction, up to and including disbarment, be imposed.

**ANALYSIS**

Neither Kinsella nor the Bar contest the appropriateness of the referee's findings of fact or recommendations as to guilt. Accordingly, we approve the referee's findings of fact and recommendations as to guilt.

As for the appropriateness of the recommended sanction, Kinsella contends that this Court should approve the referee's recommended discipline. The Bar, conversely, contends that this Court should disapprove the referee's recommended sanction and instead impose a suspension of at least ninety-one days. We conclude, based on the extensive mitigation presented in this case, Kinsella's remorse, and the referee's finding that Kinsella voluntarily sought out, consented to, and is making progress in treatment with FLA, that a three-year suspension, rather than disbarment, is the appropriate sanction.

The standard of review for a referee's recommendation as to discipline is as follows:

> In reviewing a referee's recommended discipline, the Court's scope of review is broader than that afforded to the referee's findings of fact because, ultimately, it is the Court's responsibility to order the appropriate sanction. *See Fla. Bar v. Anderson*, 538 So. 2d 852, 854 (Fla. 1989); *see also* art. V, §15, Fla. Const. However, generally speaking, this Court will not second-guess the referee's recommended discipline as long as it has a reasonable basis in existing caselaw and the [Florida] Standards for Imposing Lawyer Sanctions. *See Fla. Bar v. Temmer*, 753 So. 2d 555, 558 (Fla. 1999).

*Fla. Bar v. Ratiner*, 46 So. 3d 35, 39 (Fla. 2010).

In determining the appropriate sanction in this case, the referee considered several Standards for Imposing Lawyer Sanctions. Standard 5.1 provides that disbarment is appropriate when a lawyer engages in intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that seriously adversely reflects on the lawyer's fitness to practice law. Standard 5.12 provides that suspension is appropriate when a lawyer knowingly engages in conduct not included in the standard for disbarment and that seriously adversely reflects on the lawyer's fitness to practice law. Lastly, Standard 5.13 provides that a public reprimand is appropriate when a lawyer knowingly engages in any other conduct involving dishonesty, fraud, deceit, or misrepresentation that adversely reflects on the lawyer's fitness to practice law.

We conclude that Standard 5.12 is the most appropriate standard for this case. The critical distinction between Standard 5.12, which calls for suspension, and Standard 5.1, which provides for disbarment, is whether the conduct "seriously adversely reflects on the lawyer's fitness to practice law." Fla. Stds. Imposing Law. Sancs. 5.1. In this case, both the State Attorney and the referee found that Kinsella's conduct warranted mercy. Although Kinsella was originally charged with grand larceny, a felony, she was allowed to enter a plea to petit theft, a misdemeanor, and received probation with adjudication withheld. Additionally, despite Kinsella's three acts of theft, the referee concluded that only a ten-day

suspension was appropriate in this case. While we disagree with the length of suspension recommended by the referee, we agree that suspension, rather than disbarment, is appropriate.

The referee found three aggravating factors—(1) Kinsella acted with a dishonest or selfish motive; (2) she engaged in a pattern of misconduct; and (3) she committed multiple offenses—and seven mitigating factors: (1) Kinsella did not have a prior disciplinary record; (2) she suffered personal or emotional problems not related to alcohol or drug abuse; (3) she made a timely good faith effort to make restitution or rectify the consequences of her misconduct; (4) she made a full and free disclosure to the Bar or had a cooperative attitude toward the proceedings; (5) she is inexperienced in the practice of law; (6) other penalties or sanctions have been imposed for the same conduct; and (7) she showed remorse.

This Court has stated: "Like other factual findings, a referee's findings of mitigation and aggravation carry a presumption of correctness and will be upheld unless clearly erroneous or without support in the record. A referee's failure to find that an aggravating factor or mitigating factor applies is due the same deference." *Fla. Bar v. Germain*, 957 So. 2d 613, 621 (Fla. 2007) (citation omitted). Kinsella did not challenge the aggravating factors and in fact admitted that she understood that what she was doing was illegal; however, the referee also found that Kinsella fully and freely disclosed her misconduct to the Bar and took

steps on her own accord, including entering into a contract with FLA, to address her financial situation.

The case law also supports imposing a lengthy suspension rather than disbarment in this case. *Florida Bar v. Anderson*, 594 So. 2d 302 (Fla. 1992), and *Florida Bar v. Del Pino*, 955 So. 2d 556 (Fla. 2007), are instructive. In *Anderson*, like this case, the attorney misappropriated funds from her employer for personal use. 594 So. 2d at 303. Anderson pled no contest to three third-degree felonies; adjudication of guilt was withheld and she was placed on probation for three years. *Id.* The referee recommended a three-year suspension; however, the Court found that disbarment was warranted. *Id.* at 304. Like Kinsella, Anderson misappropriated her employer's funds, and her crimes were not committed in her capacity as an attorney. Unlike Kinsella, however, Anderson was ultimately convicted of three counts of felony theft, while Kinsella pled no contest to one count of misdemeanor theft, with adjudication withheld. Again, it is significant that the State chose not to pursue the more severe sanction of grand larceny against Kinsella.

In *Del Pino*, the attorney was suspended for three years after she participated in the fraudulent transfer of a condominium, which resulted in a conviction for mail fraud and tax evasion. 955 So. 2d at 558-59. Del Pino pled guilty to both charges and was sentenced to three years of probation with conditions. *Id.* at 559.

In imposing a three-year suspension, the Court noted several mitigating factors significant to its analysis including evidence of an emotionally and physically abusive romantic relationship. *Id.* at 562. Unlike *Del Pino*, this case involves less severe crimes; however, similar to *Del Pino*, the referee found multiple, compelling mitigating factors and decreased Kinsella's recommended sanction accordingly.

*Florida Bar v. De la Torre*, 994 So. 2d 1032 (Fla. 2008), is also helpful. In *De la Torre*, the Court held that engaging in felonious conduct warrants suspension from the practice of law, even where adjudication of guilt is withheld. 994 So. 2d at 1034. The attorney in that case entered no contest pleas to five criminal offenses (possession of cocaine, battery on a law enforcement officer, resisting an officer without violence, unlawful possession of cannabis, and possession of drug paraphernalia), two of which were felonies; adjudication of guilt was withheld. *Id.* Like this case, none of the criminal actions in *De la Torre* were related to the practice of law. Finding substantial mitigation, the referee recommended that De la Torre be suspended from the practice of law for ninety-one days followed by three years of probation. *Id.* The Court found De la Torre's evidence in mitigation significant but ultimately imposed an eighteen-month suspension from the practice of law. *Id.* at 1037-38.

Although this Court has begun to impose harsher sanctions for attorney misconduct, even this Court's most recent cases do not justify disbarring Kinsella. *See Fla. Bar v. Rotstein*, 835 So. 2d 241, 246 (Fla. 2002). For example, this Court disbarred attorney Randall Lawrence Gilbert for negligently supervising an employee who stole millions of dollars from Gilbert's trust account. *Fla. Bar v. Gilbert*, 346 So. 3d 196 (Fla. 2018). In concluding that disbarment was the appropriate sanction in *Gilbert*, this Court held, "As an attorney, he owed a duty to the public and to his clients to safeguard their money. Instead, he flouted the system by lying to a federal probation officer and allowing a nonattorney to hold himself out as a law school graduate and a certified public accountant (CPA)." *Id.* at 197. While her misconduct was inexcusable, Kinsella's theft did not involve client funds and was unrelated to the practice of law. Moreover, Kinsella cooperated with authorities in the aftermath of her crime.

The Court has stated that it expects "members of The Florida Bar to conduct their personal business affairs with honesty and in accordance with the law." *Fla. Bar v. Baker*, 810 So. 2d 876, 882 (Fla. 2002); *see also Fla. Bar v. Hosner*, 520 So. 2d 567, 568 (Fla. 1988) ("[L]awyers are necessarily held to a higher standard of conduct in business dealings than are nonlawyers."). Here, Kinsella's flagrant abuse of the law merits a severe sanction. *See, e.g.*, *Fla. Bar v. Hall*, 49 So. 3d 1254, 1261 (Fla. 2010).

However, on the whole, the referee also found substantial mitigation. First, though Kinsella stole a total of three times, the total amount of her thefts was less than $1,000. Kinsella pleaded no contest to one count of misdemeanor petit theft, and the State dismissed the felony grand theft charge and the other misdemeanor petit theft charge. Additionally, Kinsella successfully completed her one year of probation in this case and completed all of the other tasks assigned by the court, including payment of costs, payment of restitution to Kohl's Department Store, performance of fifty hours of community service, completion of a Vital Life Skills Class, and not entering any Kohl's location. Not even The Florida Bar suggested that disbarment is the appropriate sanction, arguing in its brief in this Court that a 91-day suspension is the appropriate sanction. Accordingly, given all of these circumstances, we conclude that the disciplinary sanction of a three-year suspension, rather than disbarment, is warranted and appropriately serves the three-pronged purpose of attorney discipline: (1) it is fair to society; (2) it is fair to the Respondent; and (3) it is severe enough to deter other attorneys from similar misconduct. *See Fla. Bar v. Lawless*, 640 So. 2d 1098, 1100 (Fla. 1994).

## CONCLUSION

Accordingly, Kinsella is hereby suspended from the practice of law for a period of three years. Because Kinsella is currently suspended, the suspension is effective immediately.

Judgment is entered for The Florida Bar, 651 East Jefferson Street, Tallahassee, Florida 32399-2300, for recovery of costs from Jacqueline Marie Kinsella in the amount of $1,616.60, for which sum let execution issue.

It is so ordered.

QUINCE, POLSTON, LABARGA, and LAWSON, JJ., concur.
CANADY, C.J., dissents with an opinion, in which LEWIS, J., concurs.
PARIENTE, J., dissents with an opinion.
LEWIS, J., dissents with an opinion.

ANY MOTION FOR REHEARING OR CLARIFICATION MUST BE FILED ON OR BEFORE DECEMBER 27, 2018. A RESPONSE TO THE MOTION FOR REHEARING/CLARIFICATION MAY BE FILED ON OR BEFORE JANUARY 2, 2019. THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THIS SUSPENSION.

CANADY, C.J., dissenting.

I agree with Justice Lewis that Kinsella's misconduct requires disbarment. There is no reason to believe that a lawyer who has betrayed her employer by stealing from the employer will not betray her clients by stealing from them. There should be no place for thieves in The Florida Bar. As explained by Justice Lewis, Kinsella's misconduct falls squarely under Standard 5.11, which provides that disbarment is the appropriate sanction. We should follow that standard; Kinsella should be disbarred for her multiple acts of theft from her employer.

I dissent from the imposition of a sanction less than disbarment.

LEWIS, J., concurs.

PARIENTE, J., dissenting.

I begin with the acknowledgment that the conduct of Ms. Kinsella, freshly out of law school and having passed the Florida Bar Exam, cannot be excused when she stole $140, $100, and $520 from Kohl's Department store where she was working over a two-week period. But, as Kinsella does not attempt to justify her actions, has shown extreme remorse, and never contested the charges filed by The Florida Bar, the only question in this case is the appropriate sanction: Should Kinsella be given a ten-day suspension, as recommended by the referee who observed Ms. Kinsella, a ninety-one day suspension as requested by The Florida Bar, a three-year suspension as held by the majority of this Court, or disbarred as urged by the dissent?

I agree with the per curiam opinion that any act of theft requires a sanction more severe than a short nonrehabilitative suspension. In fact, Ms. Kinsella has already been suspended by order of this Court.[2] However, the circumstances of this case do not compare to other theft cases where this Court has imposed three-year suspensions or disbarment. A three-year suspension is simply

_____

2. Order to Show Cause (Fla. Feb. 15, 2018) ("[T]he Court has determined that Respondent should receive at least a 91-day rehabilitative suspension. . . . [T]he Court hereby commands Jacqueline Marie Kinsella to show cause on or before March 19, 2018, why the referee's recommended sanction should not be disapproved and a more severe sanction, up to and including disbarment, be imposed.").

- 13 -

disproportionate to the conduct in this case and I would impose the sanction sought by The Florida Bar—a ninety-one day suspension.

While certainly not dispositive, the prosecutor in Kinsella's criminal case determined that Kinsella should be able to enter a no contest plea to only the first-degree misdemeanor charge of petit theft. Additionally, the prosecutor requested that adjudication be withheld and the court impose probation with specific conditions—all of with which Kinsella complied.[3] Additionally, the referee found multiple mitigating factors, which the per curiam opinion acknowledges stating, "In this case, both the State Attorney and the referee found that Kinsella's conduct warranted mercy." Per curiam op. at 6. However, the per curiam opinion uses this and other mitigating factors to justify the imposition of a three-year suspension rather than disbarment. I, conversely, would conclude that the extensive mitigation in this case warrants the imposition of a rehabilitative suspension of one year, which is far closer to the Bar's request for a ninety-one day suspension.

While neither the referee's recommendations nor The Florida Bar's requested sanctions are binding on this Court, in my view, they should not be

---

3. In order for the trial court to agree to adjudication being withheld, there would have been a finding that "the defendant is not likely again to engage in a criminal course of conduct and that the ends of justice and the welfare of society do not require that the defendant presently suffer the penalty imposed by law." § 948.01(2), Fla. Stat. (2018).

ignored. I know this Court has become increasingly tough on attorneys who violate the Rules Regulating the Florida Bar, but we must keep in mind the facts and circumstances of each individual case and the purposes of Florida Bar discipline.

## A Three-Year Suspension Is Not Warranted

As noted by the per curiam opinion, the referee found seven mitigating factors, including that Kinsella showed remorse, made a timely good faith effort to make restitution, made a full and free disclosure to the Bar, and had a cooperative attitude toward the proceedings. In addition, she has taken substantial steps to avoid problems in the future. All of these factors paint Kinsella as a young attorney who exercised extremely poor judgment and has taken full responsibility for her actions. Additionally, though the referee found three aggravating factors, two of those factors—a pattern of misconduct and multiple acts of misconduct— arise from the same underlying conduct.

Moreover, in her response, Kinsella indicated that she had spent the majority of her brief legal career before her suspension volunteering for the Legal Aid Foundation, "providing legal advice through a helpline to those who cannot afford a private attorney." Resp. to Order to Show Cause at 4. Indeed, Kinsella "hopes to continue work as a legal aid or non-profit attorney when the Court deems [her] able." *Id.* Kinsella "believes this is the best way for her to serve the public." *Id.*

- 15 -

Our case law also supports this conclusion. The cases cited by the per curiam opinion are distinguishable and consequently unhelpful in this case. First, the misconduct in all three cases is significantly more egregious than the misconduct in this case. For example, the attorney in *Florida Bar v. Anderson*, 594 So. 2d 302 (Fla. 1992), pleaded no contest to three third-degree felony charges, for which adjudication was withheld, while the attorney in *Florida Bar v. De la Torre*, 994 So. 2d 1032, 1033-34 (Fla. 2008), entered no contest pleas to five criminal offenses, two of which were felonies, and adjudication was withheld. *Anderson*, 594 So. 2d at 303; *De la Torre*, 994 So. 2d at 1033-34. Conversely, in this case, Kinsella pled no contest to one misdemeanor charge of petit theft and adjudication of guilt was withheld. Additionally, the attorney in *Florida Bar v. Del Pino*, 955 So. 2d 556 (Fla. 2007), was suspended for three years following a conviction for mail fraud and tax evasion. *Id.* at 558. Certainly Kinsella stealing less than $1,000 from her employer, while serious, is not the same kind or degree of misconduct as that of Del Pino.

Indeed, there does not appear to be a case from this Court that is directly on point. However, examining the conduct in the following cases illustrates that Kinsella's misconduct does not rise to that of attorneys who have historically been suspended from the practice of law for three years. Kinsella's misconduct is

considerably less severe than that of other attorneys who have received equal or even lesser sanctions.

For example, in *Florida Bar v. Arcia*, 848 So. 2d 296 (Fla. 2003), this Court held that an attorney's theft of funds from his law firm employer warranted a three-year suspension, followed by a three-year probationary period. Specifically, while Arcia was employed as an associate at the law firm of Zarco and Pardo, P.A., he formed his own one-man law firm, which was in direct competition with Zarco and Pardo, P.A. *Id.* at 297. Arcia solicited clients from Zarco and Pardo for his own benefit by intercepting telephone calls directed to the firm. Additionally, on several occasions he deposited fees he had obtained representing Zarco and Pardo's clients or prospective clients into his solo-firm's bank account. *Id.* Arcia admitted "to depriving the firm of about $62,000 in legal fees. During the 1 ½ to 2-year span of Arcia's misconduct, the firm paid him bonuses." *Id.*

Likewise, in *Florida Bar v. Winters*, 104 So. 3d 299 (Fla. 2012), two attorneys participated in the following misconduct:

> Winters and Yonker made secret plans to leave the Mulholland Firm and begin practicing together, and that in the process, Winters and Yonker: (1) themselves and through a former paralegal for the Mulholland Firm, solicited Mulholland Firm clients to terminate representation by the Mulholland Firm and be represented by Winters' and Yonker's new firm; (2) made misrepresentations to the Mulholland Firm and to Mulholland Firm clients; (3) made copies of and took possession of Mulholland Firm client files without authorization; and (4) improperly used a third attorney's name, who

- 17 -

never actually joined the new firm, in their new firm name on documents.

*Id.* at 300. Ultimately, the Court imposed a ninety-one day suspension for Winters and a sixty-day nonrehabilitative suspension for Yonker. *Id.* at 303.

Most recently, this Court imposed a one-year suspension for an attorney who converted $500 in client funds for his own use. *See Fla. Bar v. Wynn*, 210 So. 3d 1271, 1272 (Fla. 2017). In doing so, we noted that "misuse or misappropriation of client funds is one of the most serious offenses a lawyer can commit." *Id.* at 1274.

Likewise, just this year, we approved an eighteen-month suspension for an attorney who knowingly signed and provided to a lender a real estate closing statement containing incorrect statements about closing funds. *Fla. Bar v. Perez*, No. SC16-111, 2018 WL 2731612, at *1 (Fla. Jun. 7, 2018). In that case, Perez prepared a closing statement reflecting that approximately $3 million in cash would be brought to the closing by the buyer, when, in fact, the total of the buyer's contribution consisted of $1.5 million in cash and a promissory note in favor of the seller of approximately $1.5 million. Order at 1, *Fla. Bar v. Perez*, No. SC16-111 (Fla. Oct. 20, 2017) (disapproving referee's report and remanding back to the referee for additional proceedings). Perez acknowledged that he purposely reflected the down payment inaccurately, but did not see a problem with doing so because he was directed to do so by the loan officer. *Id.* Certainly, Kinsella's acts of dishonesty are not so much more egregious than Perez's to warrant double the

- 18 -

length of suspension.  Additionally, there is far more mitigation in this case than was present in *Perez*.

## Disbarment Is Not Warranted

I also disagree with the dissenting views that disbarment is warranted in this case and take particular issue with the assertion of Justice Lewis that "[t]he imposition of a three-year suspension, rather than disbarment, is a black eye on this Court's attorney misconduct jurisprudence."  Dissenting op. at 22 (Lewis, J.); *see also* dissenting op. at 12 (Canady, C.J.).  For obvious reasons, the facts in this case are far from analogous to cases where we have disbarred lawyers for trust account violations.  Indeed, the majority of the cases upon which Justice Lewis relies involve just that—trust account violations, misappropriation of client funds, or other kinds of theft related to the practice of law.  *See* dissenting op. at 22-24 (Lewis, J.).[4]  While Kinsella's conduct cannot and should not go unpunished, this

---

4.  The dissenting opinion of Justice Lewis relies on *Anderson*, because the theft there was not related to the practice of law.  594 So. 2d at 303.  Indeed, *Anderson* involved an attorney who "converted publicly owned funds to pay off her personal credit-card debt" while working as an executive assistant with the Tampa Housing Authority.  *Id.*  However, in that case, The Florida Bar specifically requested disbarment and the referee recommended a three-year suspension.  *Id.* at 302.  Additionally, and significantly, this Court held that it was the theft of public funds that made it analogous to the theft of trust account funds.  *Id.* at 303.  In addition, the illegal conduct in that case was far more sophisticated as the attorney "forged a signature on two checks and submitted three Housing Authority money orders in payment for debts [she] owed" her credit card company.  *Id.*  The total amount involved in that case was $4,500 in public money.  *Id.*

case of a young woman who made a serious mistake unrelated to the practice of law, has made full restitution, and has exhibited extreme remorse is not comparable to cases involving misuse of client or law firm funds where this Court has disbarred attorneys.

In fact, the three-year suspension that the Court imposes is the longest rehabilitative suspension before disbarment, which is a five-year period and then requires the attorney to retake The Florida Bar examination and demonstrate rehabilitation. This harsh sanction requires that Kinsella would have to apply to The Florida Bar for reinstatement following the suspension and prove significant rehabilitation. *See* R. Regulating Fla. Bar 3-5.1(e). There is no guarantee that Kinsella would be reinstated, especially where there were acts of dishonesty. *See* R. Regulating Fla. Bar 3-7.10(f)(1) ("A record manifesting a deficiency in the honesty, trustworthiness, diligence, or reliability of a petitioner may constitute a basis for denial of reinstatement."). Finally, Kinsella would not be reinstated absent positive action showing rehabilitation and "personal assurances, supported by corroborating evidence, of a desire and intention to conduct [herself] in an exemplary fashion in the future." *See* R. Regulating Fla. Bar 3-7.10(f)(3)(E).

## CONCLUSION

The Court's imposition of a three-year suspension is simply not supported by this Court's precedent. Moreover, I cannot agree that the harsh sanction

imposed in this case serves the three-pronged purpose of attorney discipline: (1) it is fair to society; (2) it is fair to the respondent; and (3) it is severe enough to deter other attorneys from similar misconduct. *See Fla. Bar v. Lawless*, 640 So. 2d 1098, 1100 (Fla. 1994).

Kinsella was punished in a criminal court of law and has paid her debt to society. Both the State Attorney and the referee concluded that Kinsella's misconduct did not warrant a severe sanction. Even the Bar has not advocated for a suspension greater than ninety-one days in this case. In light of all of these findings, it is clear that the Court's imposition of a three-year suspension is unnecessary and overly harsh. And, certainly, the findings do not justify the dissents' view that disbarment is warranted. Thus, I would follow the Bar's recommendation and impose a suspension ranging anywhere from ninety-one days to one year.

Accordingly, I dissent.

LEWIS, J., dissenting.

I dissent to this Court's imposition of a mere three-year suspension. In my view, Kinsella's unethical conduct warrants disbarment. Attorneys who commit the egregious act of theft or misappropriating monies are appropriately disbarred. *See, e.g.*, *Fla. Bar v. Anderson*, 594 So. 2d 302 (Fla. 1992). The majority attempts to minimize Kinsella's conduct as somehow soluble given her student loan debt. I

find such flimsy mollifications to be unavailing. The "extensive" mitigation cited by the majority does not and cannot overcome the serious nature of the offenses that Kinsella committed. *See* majority op. at 5.[5] The imposition of a three-year suspension, rather than disbarment, is a black eye on this Court's attorney misconduct jurisprudence. The overwhelming majority of cases involving theft have resulted in disbarment. *See, e.g.*, *Fla. Bar v. Spear*, 887 So. 2d 1242 (Fla. 2004); *Fla. Bar v. Shanzer*, 572 So. 2d 1382 (Fla. 1991). The majority's sanction of suspension is not authorized under the Florida Standards for Imposing Lawyer Sanctions ("the Standards") and does not have a reasonable basis in existing case law.

Kinsella was employed at Kohl's Department Store and was entrusted with handling the store's cash register. The fact that none of the stolen funds were related to the practice of law is irrelevant; Kinsella stole from those who entrusted her to handle money. *See Fla. Bar v. Arcia*, 848 So. 2d 296, 300 (Fla. 2003) ("[F]or purposes of attorney discipline, theft of firm funds is serious enough to warrant disbarment under most circumstances."). Further, Kinsella was entrusted with handling Kohl's money in the same way that she would be entrusted to handle

---

5. To this point, the majority's characterization of Kinsella's post-arrest conduct as constituting "substantial" mitigation is misguided. An individual's completion of probation should not be characterized as "substantial" mitigation.

client funds; and, where conversion of client funds is concerned, the standards are clear:

> 4.11 Disbarment is appropriate when a lawyer intentionally or knowingly converts client property regardless of injury or potential injury.

Fla. Stds. Imposing Law. Sancs. 4.1; *see also Fla. Bar v. Bloom*, 972 So. 2d 172, 178 (Fla. 2007) (holding disbarment was the appropriate sanction for misconduct that included misappropriation of funds and criminal charges of theft).

Likewise, Standard 5.1 provides that disbarment is appropriate when a lawyer engages in intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that seriously adversely reflects on the lawyer's fitness to practice law. Fla. Stds. Imposing Law. Sancs. 5.11 ("Disbarment is appropriate when . . . a lawyer engages in . . . theft."). This Court has repeatedly held that misuse of funds is one of the most serious offenses a lawyer can commit and that disbarment is presumed to be the appropriate punishment. *Shanzer*, 572 So. 2d at 1383 (citing *Fla. Bar v. Farbstein*, 570 So. 2d 933 (Fla. 1990); *Fla. Bar v. Newman*, 513 So. 2d 656 (Fla. 1987)); *see also Fla. Bar v. Spears*, 786 So. 2d 516 (Fla. 2001) (disbarment was warranted sanction for attorney who misappropriated client funds while under investigation for other similar misconduct); *Fla. Bar v. Travis*, 765 So. 2d 689, 691 (Fla. 2000) (disbarment was warranted for deliberately misappropriating clients' funds over a substantial period of time and noting that

"[t]he presumption of disbarment is exceptionally weighty when the attorney's misuse is intentional"); *Fla. Bar v. Fitzgerald*, 541 So. 2d 602, 606 (Fla. 1989) (disbarment ordered where attorney misappropriated trust funds despite unrebutted evidence of attorney's rehabilitation). Here, Kinsella stole money from Kohl's cash registers on three separate occasions. She was later arrested and charged with felony grand larceny. Thus, the presumptive sanction under the Standards is disbarment, not suspension.

Again, the fact that Kinsella's theft from her employer was not related to the practice of law is irrelevant. In my view, Justice Pariente's attempt to draw distinctions between where criminal conduct occurs and different levels of criminal sophistication is fanciful at best. An individual physically removing money from a cash register and an individual conducting an electronic credit card scam are both thieves. Further, the notion that Kinsella's conduct is not comparable to other cases involving misuse of client or law firm funds is severely misguided. Attempts to distinguish thefts related or unrelated to the practice of law ignore the common denominator at issue—theft. A thief is a thief. Kinsella's conduct was dishonest and unlawful and hollow explanations pointing to an individual's circumstances cannot diminish the fact that such a deceitful act occurred on three separate occasions.

Let it be clear, debt can be no excuse for such egregious conduct—many recent law school graduates have unresolved debt. Negative public sentiment toward the legal profession would surely increase if those who make the perilous mistake of engaging in this type of behavior are not rightly punished. An individual cannot be both a lawyer and a thief.

This Court has a responsibility to protect the public's trust and confidence in the legal profession. Those who are guilty of theft tarnish all of us. To impose anything other than disbarment is a disservice to Florida's court system and democracy. Kinsella's three-year suspension undermines professionalism and creates fertile ground for public distrust.

Kinsella should be disbarred. For these reasons, I dissent.

Original Proceeding – The Florida Bar

Joshua E. Doyle, Executive Director, Tallahassee, Florida, Kenneth H. P. Bryk, Bar Counsel, Orlando, Florida, and Adria E. Quintela, Staff Counsel, The Florida Bar, Sunrise, Florida,

for Complainant

Jacqueline Marie Kinsella, pro se, Goldenrod, Florida,

for Respondent