994 So.2d 1032 (2008)
THE FLORIDA BAR, Complainant,
v.
Mario A. Ruiz DE LA TORRE a/k/a Mario Costa, Respondent.
No. SC07-1633.
Supreme Court of Florida.
October 16, 2008.
*1033 John F. Harkness, Jr., Executive Director, Kenneth Lawrence Marvin, Director of Lawyer Regulation, The Florida Bar, Tallahassee, FL, and Barnaby Lee Min, Bar Counsel, The Florida Bar, Miami, FL, for Complainant.
Kevin P. Tynan of Richardson and Tynan, P.L.C., Tamarac, FL, for Respondent.
PER CURIAM.
We have for review a referee's report recommending that Mario A. Ruiz De la Torre be found guilty of professional misconduct and suspended from the practice of law for ninety days. We have jurisdiction. See art. V, § 15, Fla. Const. We approve the referee's findings, except for one aggravating factor, and his recommendations as to guilt. Further, we disapprove the recommended discipline of a ninety-day suspension. Instead, we impose an eighteen-month suspension, effective, nunc pro tunc, October 4, 2007, followed by three years of probation.

BACKGROUND
In September 2007, The Florida Bar filed a notice of determination of guilt with this Court after being informed that in March 2000, De la Torre had entered nolo contendere pleas in the circuit court for five criminal charges, including two felonies. Upon the Bar's filing of the notice of determination of guilt, De la Torre was suspended, effective October 4, 2007, pursuant to Rule Regulating the Florida Bar 3-7.2 (Procedures Upon Criminal or Professional Misconduct; Discipline Upon Determination or Judgment of Guilt of Criminal Misconduct) (hereinafter, "felony suspension rule"). A referee was subsequently appointed to preside over the disciplinary case, pursuant to Bar rule 3-7.6. After holding a hearing, the referee filed a report with this Court in which he made the following findings of fact.
*1034 In March 2000, the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida withheld adjudication for De la Torre (in State v. Mario Costa, Case No. F99-38473) on a total of five criminal charges (the two felonies possession of cocaine and battery on a law enforcement officer, and three misdemeanors  resisting an officer without violence, unlawful possession of cannabis, and possession of drug paraphernalia) and imposed eighteen months probation. De la Torre completed all of the probation conditions early and the circuit court terminated his probation after ten months. Most significantly, even though he pled to the offenses in March 2000, De la Torre failed to notify the Bar about the determinations of guilt,[1] as required by Bar rule 3-7.2(c), until August 2007.
The referee recommends that De la Torre be found guilty of violating Rules Regulating the Florida Bar 4-8.4(a) ("A lawyer shall not violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another.") and 4-8.4(b) ("A lawyer shall not commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects.").
The referee found six aggravating factors: (1) dishonest or selfish motive; (2) pattern of misconduct; (3) bad faith obstruction of the disciplinary proceeding; (4) submission of false evidence, false statements, or other deception during the disciplinary process; (5) refusal to acknowledge the wrongful nature of conduct; and (6) substantial experience as a practicing lawyer.[2] The referee found five mitigating factors: (1) no prior Bar disciplinary record; (2) personal or emotional problems; (3) character or reputation; (4) interim rehabilitation; and (5) imposition of other penalties or sanctions (during the 2000 criminal proceedings).
Based on his findings, and Florida Standard for Imposing Lawyer Sanctions 5.12,[3] the referee recommends that De la Torre be suspended effective, nunc pro tunc, October 4, 2007, for ninety days followed by probation for three years. The referee also recommends that De la Torre be evaluated, within thirty days, by Florida Lawyers Assistance, Inc. (FLA, Inc.). If the evaluation by FLA, Inc. indicates that De la Torre is in need of treatment for substance abuse, he would be required to execute a FLA, Inc. contract. Finally, the referee recommends that the Bar be awarded costs incurred during the disciplinary process.
The Bar petitioned for review, challenging the referee's recommended sanction. De la Torre filed a cross-petition challenging certain findings in aggravation. The Bar filed an amended affidavit of costs totaling $2,957.80, which was not challenged.

DISCUSSION
Neither party challenges the referee's findings of fact or recommendations as to guilt. Therefore, we approve the referee's *1035 findings of fact and recommendations as to guilt. Based on the parties' arguments, there are two issues to address: (1) whether there is competent, substantial evidence to support the referee's findings in aggravation; and (2) whether the referee's recommended ninety-day suspension is reasonably supported by the standards and caselaw. We address these issues, in turn.
With regard to the first issue, we examine whether there is competent, substantial evidence to support the referee's findings in aggravation. De la Torre asserts that the record does not support any of the referee's findings in aggravation, except the finding that at the time of his arrest he had substantial experience in the practice of law, which we approve here. The Bar argues that all of the referee's findings in aggravation are supported. The standard of review is whether the referee's findings of aggravation are clearly erroneous or without support in the record. See Fla. Bar v. Valentine-Miller, 974 So.2d 333, 336 (Fla.2008) (a referee's findings of aggravation and mitigation are presumptively correct and will not be disturbed unless such findings are clearly erroneous or without record support); Fla. Bar v. Arcia, 848 So.2d 296, 299 (Fla.2003) (same).
De la Torre raises arguments pertaining to three of the referee's findings in aggravation (a pattern of misconduct, bad faith obstruction of the disciplinary proceeding, and refusal to acknowledge the wrongful nature of conduct) that we find without merit and reject without discussion, except to note that our review of the record shows the referee's findings for these aggravating factors are supported. We therefore approve the findings of these factors.
We briefly address De la Torre's argument that the referee's finding that he acted from a dishonest or selfish motive in failing to reporting his two felony pleas is erroneous. De la Torre asserts that he relied on his trial counsel's advice that he was not entering pleas to any felony offenses. Therefore, De la Torre claims that he did not report what he thought were misdemeanor offenses to the Bar, because the Bar rules in effect at that time did not require reporting of misdemeanor pleas. We find De la Torre's claim about relying on his trial counsel's assurance that he was not entering pleas to any felony offenses to be utterly incredible. There is no plausible excuse for a member of The Florida Bar, who had more than twelve years of experience at the time, not to be fully aware that he was entering nolo contendere pleas to two felonies. The record shows that in his colloquy at the sentencing hearing, the trial judge specifically addressed that the charges of battery on a police officer and possession of cocaine each carried maximum sentences of five years' imprisonment. Further, the trial judge ensured that De la Torre both understood his rights and voluntarily entered nolo contendere pleas to these felony charges. De la Torre clearly failed to fulfill his duty under the Bar rules to report his two felony pleas to the Bar. Accordingly, we approve the referee's finding that De la Torre demonstrated a dishonest or selfish motive.
De la Torre's assertion that the referee erred in finding that he engaged in deceptive practices "during the disciplinary process"[4] because he may have misidentified himself to the arresting officer in November 1999 also merits examination. The referee's finding of this aggravating factor is clearly erroneous for two reasons. First, the referee's observation *1036 that De la Torre may have misidentified himself to the arresting officer in November 1999 is not an actual finding of fact; the referee did not conclude that De la Torre made that misrepresentation. Second, even if there had been a finding that De la Torre deliberately misidentified himself to the arresting officer, such a misleading statement in 1999 was not part of the "disciplinary process," which did not commence until seven years later. Accordingly, we disapprove the referee's finding that De la Torre submitted false evidence, false statements, or engaged in other deceptive practices in the context of the "disciplinary process."
Next, we turn to the recommended sanction. The Bar argues that the referee's recommended ninety-day suspension is too lenient and, if approved by the Court, would embolden other lawyers to conceal their pleas to criminal offenses from the Bar. The Bar asserts that De la Torre's misconduct warrants a one-year suspension. De la Torre, in turn, argues that his substantial mitigation and caselaw supports the referee's recommended sanction.
In reviewing a referee's recommended discipline, this Court's scope of review is broader than that afforded to the referee's finding of fact because, ultimately, it is the Court's responsibility to order the appropriate sanction. See Fla. Bar v. Anderson, 538 So.2d 852, 854 (Fla.1989); see also art. V, § 15, Fla. Const. However, generally speaking, this Court will not second-guess the referee's recommendation for disciplining a lawyer, as long as the referee's recommended discipline has a reasonable basis in existing caselaw and the Florida Standards for Imposing Lawyer Sanctions. Fla. Bar v. Temmer, 753 So.2d 555, 558 (Fla.1999).
In this case, the referee does not cite any caselaw in support of his recommended discipline. Instead, he bases his recommended sanction solely on standard 5.12, which states that suspension is the appropriate discipline for certain criminal conduct. However, standard 5.12 does not indicate the appropriate duration of a given suspension. In this case, standard 5.12 alone fails to provide adequate support for the referee's recommendation that a ninety-day suspension is the appropriate sanction for De la Torre's violations of rules 4-8.4(a) and 4-8.4(b) and failure to notify the Bar of his nolo contendere pleas to two felonies. Moreover, the recommended sanction is inconsistent with the caselaw wherein we imposed lengthy suspensions for judgments or determinations of guilt involving felonies. See, e.g., Fla. Bar v. Del Pino, 955 So.2d 556 (Fla.2007) (suspended for three years); Fla. Bar v. Hochman, 815 So.2d 624 (Fla.2002) (suspended for three years effective from date of felony suspension); Fla. Bar v. Wells, 602 So.2d 1236 (Fla. 1992) (suspended for eighteen months). Based on the standards and caselaw, we find that the recommended ninety-day suspension is inappropriate, because it is too lenient.
In Del Pino, the Bar initiated lawyer disciplinary proceedings after Del Pino pled guilty to two federal felonies (tax evasion and mail fraud) in a federal district court. 955 So.2d at 558. The federal court sentenced Del Pino to probation for three years. Afterward, Del Pino was suspended under the felony suspension rule. The disciplinary case was referred to a referee, who recommended that Del Pino be found guilty of violating multiple Bar rules. The referee found three aggravating factors and six mitigating factors. The referee recommended that Del Pino be disbarred. On review, after considering the substantial mitigation, the Court determined that Del Pino met her burden of demonstrating that a sanction less than disbarment was appropriate. Therefore, we disapproved the referee's recommended sanction and imposed a three-year suspension.
*1037 In Hochman, the Bar and Hochman entered into a consent judgment after Hochman voluntarily came forward, in 1997, and admitted that he had a significant drug addiction. Due to his drug addiction, Hochman had misappropriated client trust funds. 815 So.2d at 625. Hochman was suspended for three years effective July 1997. In 1999, Hochman was criminally charged, based on the same misappropriation of client trust funds, with two counts of felony grand theft. In October 1999, Hochman pled no contest to both charges, and was sentenced to two years of community service. In 2000, the Bar filed a notice of determination of guilt seeking an additional three-year suspension; a referee was appointed to conduct a hearing and make recommendations.
Even though Hochman was already suspended, the referee recommended that he be suspended for three years effective, nunc pro tunc, on the date he entered his criminal pleas. On review, this Court approved the recommended discipline of a three-year suspension, but modified the effective date to the date of his felony suspension.
Finally, in Wells, the Bar initiated disciplinary proceedings against Wells, charging him with eight counts of abandoning the practice of law and a count of felony possession of cocaine and paraphernalia. 602 So.2d at 1236. With regard to the felony charge, Wells pled no contest to two counts of possession of cocaine. Adjudication was withheld and he was sentenced to probation for five years. Afterward, Wells was suspended under the felony suspension rule. A referee was appointed to hold a hearing on the nine disciplinary charges. The referee recommended that Wells be found guilty of violating multiple Bar rules. However, the referee also found substantial mitigation and, thus, recommended that Wells be suspended for eighteen months effective, nunc pro tunc, on the date of his felony suspension and be placed on probation for two years thereafter. On review, this Court approved the duration of suspension, but, given the totality of circumstances, modified the referee's recommendation regarding probation to require that Wells be placed on probation for three years.
Del Pino, Hochman, and Wells provide guidance in this case regarding the role substantial mitigating factors play in determining the severity of the sanction to be imposed. See generally Fla. Bar v. Cohen, 908 So.2d 405, 410 (Fla.2005) (the Court has permitted lawyers facing Bar discipline to introduce evidence about the circumstances of their convictions to demonstrate mitigation in favor of less severe sanctions).
In the present case, the referee found substantial mitigation. First, De la Torre had no prior disciplinary record. Second, De la Torre was experiencing personal and emotional problems at or around the time of his misconduct, including: (1) recovery from a serious injury; (2) a significant period of unemployment; and (3) dissolution of his long-term marriage. Third, there was "considerable evidence" of De la Torre's good character and reputation. Fourth, De la Torre demonstrated interim rehabilitation by his "seemingly exemplary record" since his 1999 arrest. Finally, De la Torre completed all of the terms of his criminal sentencing. We view De la Torre's mitigation as significant in determining the severity of the sanction to impose. Nevertheless, the fact that under Bar rule 3-7.2(a)(2), his nolo contendere pleas to two felony charges constitute determinations of guilt, coupled with the inexcusable fact that he concealed those pleas from the Bar for more than seven years, requires the imposition of a lengthy suspension.
De la Torre's misconduct, along with the aggravating and mitigating factors, warrants *1038 suspension for eighteen months effective, nunc pro tunc, the date of his felony suspension. We do not take lightly the fact that De la Torre pled to felonies, did not inform the Bar, and continued to practice law. We emphasize that the behavior that led to De la Torre's nolo contendere pleas to two felonies, and his subsequent failure to report those pleas to the Bar for seven years, is egregious misconduct that is unbecoming of a member of The Florida Bar. But for the mitigation found by the referee, we would impose a harsher sanction on De la Torre.
Accordingly, Mario A. Ruiz De la Torre is hereby suspended for eighteen months effective, nunc pro tunc, October 4, 2007. Because De la Torre is currently suspended it is unnecessary to provide him with thirty days to close out his practice of law to protect the interests of existing clients. De la Torre shall accept no new business until he is reinstated to the practice of law in Florida. Whenever De la Torre is reinstated, he shall be on probation for three years thereafter. Further, he is directed to comply with all other terms and conditions in the referee's report, including the recommendations regarding FLA, Inc.
Judgment is entered for The Florida Bar, 651 East Jefferson Street, Tallahassee, Florida XXXXX-XXXX, for recovery of costs from Mario A. Ruiz De la Torre in the amount of $2,957.80, for which sum let execution issue.
It is so ordered.
QUINCE, C.J., and WELLS, ANSTEAD, PARIENTE, and LEWIS, JJ., concur.
CANADY and POLSTON, JJ., did not participate.
NOTES
[1] Pursuant to rule 3-7.2(b), a determination of guilt for any felony stands as "conclusive proof of guilt of the criminal offense(s) charged" for the disciplinary case. Moreover, rule 3-7.2(h)(2) states in pertinent part that "[t]he respondent may not contest the findings of guilt in the criminal proceedings[;] [however, the respondent] may be allowed to explain the circumstances concerning the entry of the plea for purposes of mitigation."
[2] At the time of the hearing, the referee noted that De la Torre was fifty-three years old and had been a member of the Bar since 1986.
[3] Standard 5.12 states: "Suspension is appropriate when a lawyer knowingly engages in criminal conduct which is not included in Standard 5.11 and that seriously adversely reflects on the lawyer's fitness to practice."
[4] Standard 9.22(f) states that one aggravating factor that may be found is "submission of false evidence, false statements, or other deceptive practices during the disciplinary process."