PER CURIAM.
*1047 This case is before us on the review of a referee's report recommending that Respondent, Jacqueline Marie Kinsella, be found guilty of various violations of the Rules of Professional Conduct arising from her theft of money from Kohl's Department Store, where she worked as an employee. After finding numerous mitigating factors, the referee recommended that Kinsella be suspended from the practice of law for ten days. Neither party contested the findings of guilt, but The Florida Bar sought review of the ten-day suspension, arguing in favor of a rehabilitative suspension of ninety-one days. After reviewing the referee's report, we suspended Kinsella immediately and issued an order to show cause why she should not receive a more severe sanction up to and including disbarment. Having considered the record, the responses to the order to show cause, and our prior case law, we conclude that a more severe sanction than a ninety-one day suspension is required and hereby suspend Kinsella from the practice of law for three years.
FACTS
Kinsella was admitted to The Florida Bar in February 2016.[1] On three separate occasions between April 21, 2016, and May 6, 2016, Kinsella stole money from three different cash registers at the Kohl's Department Store where she worked. She stole $140 on April 21, 2016, $100 on April 25, 2016, and $520 on May 6, 2016.
In May 2016, she was arrested and charged with grand theft of $300 or more but less than $5,000. On September 1, 2016, Kinsella entered a no contest plea to the first-degree misdemeanor charge of petit theft, and the remaining charges were dismissed by the State. Adjudication of guilt was withheld and she was placed on probation under the supervision of the Department of Corrections for a period of twelve months. Kinsella was further ordered to pay court costs and restitution to Kohl's, perform fifty hours of community service, complete a Vital Life Skills Class, and not to enter or go upon the premises of any Kohl's store.
On January 11, 2017, The Florida Bar filed its formal complaint against Kinsella in these proceedings. On January 31, 2017, Kinsella filed her Answer wherein she admitted the alleged facts and rule violations. On April 27, 2017, a sanction hearing was held before a referee to determine the appropriate disciplinary sanction. Because Kinsella admitted all allegations contained in the Bar's formal complaint, no evidentiary testimony was presented to establish findings of fact or guilt.
The referee found that Kinsella fully cooperated with law enforcement and the Bar, her misconduct was not related to alcohol or drug abuse or a gambling addiction, and none of the stolen funds were related to the practice of law. Kinsella testified during a sworn statement and at the sanction hearing that she voluntarily entered into a treatment contract with Florida Lawyers Assistance, Inc. (FLA) and has made progress in addressing the issues that led her to engage in these acts of misconduct. She reported that her treatment *1048 involves debt management and financial counseling. Kinsella admitted that she took the funds from Kohl's because she had unresolved debt. The referee found that Kinsella's financial problems existed at the time she applied for membership to The Florida Bar and continue to persist today. Lastly, the referee found that Kinsella demonstrated significant remorse during her testimony at the sanction hearing.
The referee's report found Kinsella guilty of violating multiple Rules Regulating the Florida Bar including: Rules 3-4.3 (Misconduct and Minor Misconduct); 3-4.4 (Criminal Misconduct); 4-8.4(b) (Misconduct-Criminal Conduct that Reflects Adversely on Honesty, Trustworthiness, or Fitness as a Lawyer); and 4-8.4(c) (Misconduct-Conduct Involving Dishonesty, Fraud, Deceit, or Misrepresentation).
Based on his findings of fact, recommendations as to guilt, the aggravating and mitigating factors, the Florida Standards for Imposing Lawyer Sanctions, and case law, the referee recommended that Kinsella be suspended from the practice of law for ten days, followed by a one-year period of probation with additional conditions, and that she be ordered to pay the Bar's costs of $1,616.60. On February 15, 2018, this Court issued an order suspending Kinsella from the practice of law and commanding her to show cause why the referee's recommended sanction should not be disapproved and a more severe sanction, up to and including disbarment, be imposed.
ANALYSIS
Neither Kinsella nor the Bar contest the appropriateness of the referee's findings of fact or recommendations as to guilt. Accordingly, we approve the referee's findings of fact and recommendations as to guilt.
As for the appropriateness of the recommended sanction, Kinsella contends that this Court should approve the referee's recommended discipline. The Bar, conversely, contends that this Court should disapprove the referee's recommended sanction and instead impose a suspension of at least ninety-one days. We conclude, based on the extensive mitigation presented in this case, Kinsella's remorse, and the referee's finding that Kinsella voluntarily sought out, consented to, and is making progress in treatment with FLA, that a three-year suspension, rather than disbarment, is the appropriate sanction.
The standard of review for a referee's recommendation as to discipline is as follows:
In reviewing a referee's recommended discipline, the Court's scope of review is broader than that afforded to the referee's findings of fact because, ultimately, it is the Court's responsibility to order the appropriate sanction. See Fla. Bar v. Anderson , 538 So.2d 852, 854 (Fla. 1989) ; see also art. V, § 15, Fla. Const. However, generally speaking, this Court will not second-guess the referee's recommended discipline as long as it has a reasonable basis in existing caselaw and the [Florida] Standards for Imposing Lawyer Sanctions. See Fla. Bar v. Temmer , 753 So.2d 555, 558 (Fla. 1999).
Fla. Bar v. Ratiner , 46 So.3d 35, 39 (Fla. 2010).
In determining the appropriate sanction in this case, the referee considered several Standards for Imposing Lawyer Sanctions. Standard 5.1 provides that disbarment is appropriate when a lawyer engages in intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that seriously adversely reflects on the lawyer's fitness to practice law. Standard 5.12 provides that suspension is appropriate when a lawyer knowingly engages in conduct not included in the standard for disbarment and that seriously adversely reflects *1049 on the lawyer's fitness to practice law. Lastly, Standard 5.13 provides that a public reprimand is appropriate when a lawyer knowingly engages in any other conduct involving dishonesty, fraud, deceit, or misrepresentation that adversely reflects on the lawyer's fitness to practice law.
We conclude that Standard 5.12 is the most appropriate standard for this case. The critical distinction between Standard 5.12, which calls for suspension, and Standard 5.1, which provides for disbarment, is whether the conduct "seriously adversely reflects on the lawyer's fitness to practice law." Fla. Stds. Imposing Law. Sancs. 5.1. In this case, both the State Attorney and the referee found that Kinsella's conduct warranted mercy. Although Kinsella was originally charged with grand larceny, a felony, she was allowed to enter a plea to petit theft, a misdemeanor, and received probation with adjudication withheld. Additionally, despite Kinsella's three acts of theft, the referee concluded that only a ten-day suspension was appropriate in this case. While we disagree with the length of suspension recommended by the referee, we agree that suspension, rather than disbarment, is appropriate.
The referee found three aggravating factors-(1) Kinsella acted with a dishonest or selfish motive; (2) she engaged in a pattern of misconduct; and (3) she committed multiple offenses-and seven mitigating factors: (1) Kinsella did not have a prior disciplinary record; (2) she suffered personal or emotional problems not related to alcohol or drug abuse; (3) she made a timely good faith effort to make restitution or rectify the consequences of her misconduct; (4) she made a full and free disclosure to the Bar or had a cooperative attitude toward the proceedings; (5) she is inexperienced in the practice of law; (6) other penalties or sanctions have been imposed for the same conduct; and (7) she showed remorse.
This Court has stated: "Like other factual findings, a referee's findings of mitigation and aggravation carry a presumption of correctness and will be upheld unless clearly erroneous or without support in the record. A referee's failure to find that an aggravating factor or mitigating factor applies is due the same deference." Fla. Bar v. Germain , 957 So.2d 613, 621 (Fla. 2007) (citation omitted). Kinsella did not challenge the aggravating factors and in fact admitted that she understood that what she was doing was illegal; however, the referee also found that Kinsella fully and freely disclosed her misconduct to the Bar and took steps on her own accord, including entering into a contract with FLA, to address her financial situation.
The case law also supports imposing a lengthy suspension rather than disbarment in this case. Florida Bar v. Anderson , 594 So.2d 302 (Fla. 1992), and Florida Bar v. Del Pino , 955 So.2d 556 (Fla. 2007), are instructive. In Anderson , like this case, the attorney misappropriated funds from her employer for personal use. 594 So.2d at 303. Anderson pled no contest to three third-degree felonies; adjudication of guilt was withheld and she was placed on probation for three years. Id. The referee recommended a three-year suspension; however, the Court found that disbarment was warranted. Id. at 304. Like Kinsella, Anderson misappropriated her employer's funds, and her crimes were not committed in her capacity as an attorney. Unlike Kinsella, however, Anderson was ultimately convicted of three counts of felony theft, while Kinsella pled no contest to one count of misdemeanor theft, with adjudication withheld. Again, it is significant that the State chose not to pursue the more severe sanction of grand larceny against Kinsella.
*1050 In Del Pino , the attorney was suspended for three years after she participated in the fraudulent transfer of a condominium, which resulted in a conviction for mail fraud and tax evasion. 955 So.2d at 558-59. Del Pino pled guilty to both charges and was sentenced to three years of probation with conditions. Id. at 559. In imposing a three-year suspension, the Court noted several mitigating factors significant to its analysis including evidence of an emotionally and physically abusive romantic relationship. Id. at 562. Unlike Del Pino , this case involves less severe crimes; however, similar to Del Pino , the referee found multiple, compelling mitigating factors and decreased Kinsella's recommended sanction accordingly.
Florida Bar v. De la Torre , 994 So.2d 1032 (Fla. 2008), is also helpful. In De la Torre , the Court held that engaging in felonious conduct warrants suspension from the practice of law, even where adjudication of guilt is withheld. 994 So.2d at 1034. The attorney in that case entered no contest pleas to five criminal offenses (possession of cocaine, battery on a law enforcement officer, resisting an officer without violence, unlawful possession of cannabis, and possession of drug paraphernalia), two of which were felonies; adjudication of guilt was withheld. Id. Like this case, none of the criminal actions in De la Torre were related to the practice of law. Finding substantial mitigation, the referee recommended that De la Torre be suspended from the practice of law for ninety-one days followed by three years of probation. Id. The Court found De la Torre's evidence in mitigation significant but ultimately imposed an eighteen-month suspension from the practice of law. Id. at 1037-38.
Although this Court has begun to impose harsher sanctions for attorney misconduct, even this Court's most recent cases do not justify disbarring Kinsella. See Fla. Bar v. Rotstein , 835 So.2d 241, 246 (Fla. 2002). For example, this Court disbarred attorney Randall Lawrence Gilbert for negligently supervising an employee who stole millions of dollars from Gilbert's trust account. Fla. Bar v. Gilbert , 246 So. 3d 196 (Fla. 2018). In concluding that disbarment was the appropriate sanction in Gilbert , this Court held, "As an attorney, he owed a duty to the public and to his clients to safeguard their money. Instead, he flouted the system by lying to a federal probation officer and allowing a nonattorney to hold himself out as a law school graduate and a certified public accountant (CPA)." Id. at 197. While her misconduct was inexcusable, Kinsella's theft did not involve client funds and was unrelated to the practice of law. Moreover, Kinsella cooperated with authorities in the aftermath of her crime.
The Court has stated that it expects "members of The Florida Bar to conduct their personal business affairs with honesty and in accordance with the law." Fla. Bar v. Baker , 810 So.2d 876, 882 (Fla. 2002) ; see also Fla. Bar v. Hosner , 520 So.2d 567, 568 (Fla. 1988) ("[L]awyers are necessarily held to a higher standard of conduct in business dealings than are nonlawyers."). Here, Kinsella's flagrant abuse of the law merits a severe sanction. See, e.g. , Fla. Bar v. Hall , 49 So.3d 1254, 1261 (Fla. 2010).
However, on the whole, the referee also found substantial mitigation. First, though Kinsella stole a total of three times, the total amount of her thefts was less than $1,000. Kinsella pleaded no contest to one count of misdemeanor petit theft, and the State dismissed the felony grand theft charge and the other misdemeanor petit theft charge. Additionally, Kinsella successfully completed her one year of probation in this case and completed all of the other tasks assigned by the court, including *1051 payment of costs, payment of restitution to Kohl's Department Store, performance of fifty hours of community service, completion of a Vital Life Skills Class, and not entering any Kohl's location. Not even The Florida Bar suggested that disbarment is the appropriate sanction, arguing in its brief in this Court that a 91-day suspension is the appropriate sanction. Accordingly, given all of these circumstances, we conclude that the disciplinary sanction of a three-year suspension, rather than disbarment, is warranted and appropriately serves the three-pronged purpose of attorney discipline: (1) it is fair to society; (2) it is fair to the Respondent; and (3) it is severe enough to deter other attorneys from similar misconduct. See Fla. Bar v. Lawless , 640 So.2d 1098, 1100 (Fla. 1994).
CONCLUSION
Accordingly, Kinsella is hereby suspended from the practice of law for a period of three years. Because Kinsella is currently suspended, the suspension is effective immediately.
Judgment is entered for The Florida Bar, 651 East Jefferson Street, Tallahassee, Florida 32399-2300, for recovery of costs from Jacqueline Marie Kinsella in the amount of $1,616.60, for which sum let execution issue.
It is so ordered.
ANY MOTION FOR REHEARING OR CLARIFICATION MUST BE FILED ON OR BEFORE DECEMBER 27, 2018. A RESPONSE TO THE MOTION FOR REHEARING/CLARIFICATION MAY BE FILED ON OR BEFORE JANUARY 2, 2019. THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THIS SUSPENSION.
QUINCE, POLSTON, LABARGA, and LAWSON, JJ., concur.
CANADY, C.J., dissents with an opinion, in which LEWIS, J., concurs.
PARIENTE, J., dissents with an opinion.
LEWIS, J., dissents with an opinion.

Prior to becoming an attorney, Kinsella had two misdemeanor traffic cases brought against her, which were the subject of inquiry by the Florida Board of Bar Examiners.