# Supreme Court of Florida

No. SC2023-0869

**THE FLORIDA BAR,**
Complainant,

vs.

**RYAN F. C. MITCHELL,**
Respondent.

May 15, 2025

PER CURIAM.

The Florida Bar seeks review of a referee's report recommending that Respondent, Ryan F. C. Mitchell, be found guilty of violating the Rules Regulating The Florida Bar and publicly reprimanded based on his plea of no contest to two criminal misdemeanors for physically assaulting his wife and throwing her cellphone into a pool.[1] The Bar challenges the referee's recommended sanction, contending that a public reprimand is too lenient and that Mitchell's conduct warrants a 90-day suspension

---

1. We have jurisdiction. *See* art. V, § 15, Fla. Const.

followed by one year of probation and participation in a Florida Lawyers Assistance, Inc. (FLA, Inc.) contract. We agree that Mitchell's conduct requires more than a public reprimand, but instead of imposing a 90-day non-rehabilitative suspension as requested by the Bar, we suspend Mitchell from the practice of law in Florida for two years.

## I.

In September 2021, Mitchell and his wife, A.M., were experiencing marital difficulties. Mitchell eventually decided that he no longer wanted to remain in the marriage, and he told A.M. on the night of September 22, 2021, that he planned to file for divorce. Later that night, a physical altercation occurred between the couple after A.M. woke Mitchell while he was sleeping. The couple's three minor children were in the home during the altercation, from which A.M. sustained significant injuries, including a fractured nose and a black eye. Mitchell threw A.M.'s cellphone into the pool after the altercation and left the house before law enforcement arrived.

Two years later, in January 2023, Mitchell pled no contest to two criminal misdemeanors arising from the altercation with A.M. He pled no contest to misdemeanor battery and criminal mischief

for physically assaulting A.M. and throwing her cellphone into the pool.[2] Adjudication was withheld, and Mitchell was sentenced to 18 months of supervised probation. As part of his probation, Mitchell was required to: (1) have no contact with A.M.; (2) pay $2,224.23 in restitution to A.M.; (3) attend and complete the Batterer's Intervention Program; (4) submit to a mental health evaluation; and (5) submit to a drug and alcohol evaluation. As of November 13, 2023, the date of the hearing before the referee, Mitchell was in full compliance with his misdemeanor probation.

Based on these facts, the referee recommends that Mitchell be found guilty of violating rules 3-4.3 (Misconduct and Minor Misconduct) and 4-8.4(b) ("A lawyer shall not . . . commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects."). As to a disciplinary sanction, the referee recommends that Mitchell receive a public reprimand, that he be required to continue his private therapy until

---

2. Mitchell was initially charged with one count of felony battery, a third-degree felony, and one count of criminal mischief with damage of $1,000.00 or more, a third-degree felony.

- 3 -

the end of his criminal probation, and that the Bar be awarded its costs.

The Bar challenges the referee's recommended sanction. After considering the report of the referee and the parties' briefs, the Court ordered Mitchell to show cause why the referee's recommended sanction should not be disapproved and a more severe sanction be imposed.

## II.

The referee's factual findings and recommendation that Mitchell be found guilty of violating rules 3-4.3 and 4-8.4(b) are not in dispute. As there is clear support in the record for both, we approve the referee's factual findings and guilt recommendations without further comment.

That leaves us with only the issue of the appropriate disciplinary sanction for Mitchell's conduct. The referee recommends that we publicly reprimand Mitchell, while the Bar requests that we impose a 90-day suspension followed by one year of probation and participation in a FLA, Inc. contract. Our review of a referee's recommended discipline is broader than that afforded to the referee's findings of fact because, ultimately, it is our

- 4 -

responsibility to order the appropriate sanction. *See Fla. Bar v. Patterson*, 257 So. 3d 56, 64 (Fla. 2018); *Fla. Bar v. Anderson*, 538 So. 2d 852, 854 (Fla. 1989); *see also* art. V, § 15, Fla. Const.

We begin our analysis by first identifying the presumptive sanction for Mitchell's conduct under the Standards for Imposing Lawyer Sanctions. The referee relied on Standard 5.1(c) as support for her recommendation that Mitchell receive a public reprimand. Under that standard, a public reprimand is appropriate only "when a lawyer engages in conduct involving dishonesty, fraud, deceit, or misrepresentation . . . that adversely reflects on the lawyer's fitness to practice law." Fla. Std. Imposing Law. Sancs. 5.1(c). But, as Mitchell did not engage in any conduct involving "dishonesty, fraud, deceit, or misrepresentation," Standard 5.1(c) is not applicable here.

Standard 5.1(b), by contrast, says suspension is appropriate "when a lawyer knowingly engages in criminal conduct . . . that seriously adversely reflects on the lawyer's fitness to practice." Fla. Std. Imposing Law. Sancs. 5.1(b). Mitchell knowingly engaged in criminal conduct when he violently assaulted his wife. Such conduct, along with his no contest plea to two criminal misdemeanors, raises serious doubts about Mitchell's willingness to

abide by the law and reflects adversely on his continued fitness to practice. Accordingly, we find that suspension is the presumptive sanction in this case under Standard 5.1(b).

We next consider the aggravating and mitigating circumstances found by the referee. "Like other factual findings, a referee's findings of mitigation and aggravation carry a presumption of correctness and will be upheld unless clearly erroneous or without support in the record." *Fla. Bar v. Scheinberg*, 129 So. 3d 315, 319 (Fla. 2013) (quoting *Fla. Bar v. Germain*, 957 So. 2d 613, 621 (Fla. 2007)).

The referee here found two aggravating factors, substantial experience in the practice of law and vulnerability of the victim. Fla. Stds. Imposing Law. Sancs. 3.2(b)(8)-(9). The referee also found eight mitigating factors: (1) an absence of a prior disciplinary record; (2) personal or emotional problems; (3) restitution to the victim; (4) a cooperative attitude towards the proceedings; (5) physical or mental disability or impairment or substance-related disorder; (6) interim rehabilitation; (7) imposition of other penalties or sanctions; and (8) remorse. Fla. Stds. Imposing Law. Sancs. 3.3(b)(1), (3)-(5), (8), (10)-(12).

We find error only in the referee's finding in mitigation of payment of restitution. The referee found the factor applicable based on Mitchell's payment of $2,224.23 to A.M. to cover her medical bills. But Mitchell made the payment only after he was ordered to do so as a condition of his probation. As Mitchell's payment of restitution to A.M. was not a voluntary act, it cannot be considered a mitigating factor. *See* Fla. Std. Imposing Law. Sancs. 3.4(a) (stating that forced or compelled restitution is neither an aggravating nor mitigating factor). We, therefore, disapprove the referee's finding in mitigation of payment of restitution.

Additionally, when weighed alongside Mitchell's criminal conduct, the referee's findings in mitigation are simply not compelling enough to support a downward adjustment in the presumptive sanction of a suspension to a public reprimand. Mitchell violently assaulted A.M., striking her hard enough to fracture her nose and cause bruising around her eye. He then threw her cellphone into the pool and left the house, leaving A.M. alone, injured, and without her phone to care for herself and the couple's three minor children, all of whom were in the house when the assault occurred.

To be sure, we recognize that Mitchell made a significant showing in mitigation. He expressed remorse for the assault, fully complied with his criminal probation, and has made a number of positive changes in his day-to-day life, such as engaging in private therapy. But Mitchell's choice to commit a violent criminal act—especially one directed against his spouse—has revealed a significant breach of ethical conduct that cannot be sufficiently addressed through a public reprimand or tolerated in the legal profession. *Fla. Bar v. Lord*, 433 So. 2d 983, 986 (Fla. 1983) (noting the discipline imposed must be sufficient to punish a breach of ethics and severe enough to deter others who might be prone or tempted to become involved in like violations). We, thus, conclude that Mitchell's criminal conduct requires suspension from the practice of law and proof of rehabilitation before reinstatement.

As to the length of Mitchell's suspension, we look to caselaw for guidance. *Fla. Bar v. Grieco*, 389 So. 3d 1257, 1265 (Fla. 2024) (citing *Fla. Bar v. Maurice*, 955 So. 2d 535, 541 (Fla. 2007)). This case aligns closely with our decision in *Florida Bar v. Kinsella*, 260 So. 3d 1046 (Fla. 2018), where we suspended a lawyer for three years who pled no contest to a criminal misdemeanor. Kinsella,

who was initially charged with a felony, pled no contest to a criminal misdemeanor for stealing money from a cash register. *Id.* at 1047. Adjudication of guilt was withheld, and Kinsella was placed on probation for one year under certain terms and conditions. *Id.* On review, we found Kinsella guilty of violating multiple Bar rules, and we rejected the referee's recommended 10-day suspension, finding that Kinsella's dishonest motive, pattern of misconduct, and multiple offenses warranted a more severe sanction. *See id.* at 1049. Focusing on the presence of significant mitigation—namely, Kinsella's full cooperation with law enforcement, her voluntary entry into a FLA, Inc. treatment contract, her efforts to return the money at issue, and the fact that she had already been subjected to other penalties for the same misconduct—we determined that Kinsella's conduct warranted a three-year suspension, rather than the maximum sanction of disbarment. *See id.* at 1049-50.

Based on *Kinsella,* as well as Mitchell's showing in mitigation, we conclude that a two-year rehabilitative suspension, rather than the maximum term of suspension of three years, is the appropriate sanction for Mitchell's misconduct.

### III.

Accordingly, the referee's findings of fact and recommendations as to guilt are approved, except for the finding in mitigation of payment of restitution, which is disapproved. The referee's recommended discipline is disapproved, and Ryan F. C. Mitchell is suspended from the practice of law in Florida for two years. Mitchell's suspension is effective 30 days from the date of this opinion so that he can close out his practice and protect the interests of existing clients. If Mitchell notifies the Court in writing that he is no longer practicing and does not need the 30 days to protect existing clients, the Court will enter an order making the suspension effective immediately.

Mitchell must not accept any new business from the date of this opinion until he is reinstated. Once the suspension becomes effective, Mitchell is prohibited from engaging in any act constituting the practice of law in Florida until he is reinstated. Mitchell must fully comply with rules 3-5.1(h) and, if applicable, 3-6.1.

Judgment is entered for The Florida Bar, 651 East Jefferson Street, Tallahassee, Florida 32399-2300, for recovery of costs from

Ryan F. C. Mitchell in the amount of $2,823.36, for which sum let execution issue.

It is so ordered.

MUÑIZ, C.J., and LABARGA, COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.
CANADY, J., concurs in part and dissents in part with an opinion.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THIS SUSPENSION.

CANADY, J., concurring in part and dissenting in part.

I concur with the Court's decision except for the discipline imposed. Because Mitchell committed criminal acts including a battery on his then spouse, which resulted in the fracture of her nose, I would impose a suspension of three years rather than two years.

Original Proceeding – The Florida Bar

Joshua E. Doyle, Executive Director, Patricia Ann Toro Savitz, Staff Counsel, Mark Lugo Mason, Bar Counsel, The Florida Bar, Tallahassee, Florida,

for Complainant

Thomas D. Sommerville of Law Offices of Thomas D. Sommerville, P.A., Orlando, Florida,

for Respondent